UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FRANCOIS AUGUSTON, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ADMINISTRATIVE SERVICE CO., LLC a Ohio Limited Liability Company and AFFORDABLE AUTO PROTECTION, LLC a Florida Limited Liability Company <br><br> Defendants. | § § § § § § § § § § § § § § § § |

4:21CV819 ALM/KPJ
FILED
OCT 13 2021
Clerk, U.S. District Court
Eastern District of Texas

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff FRANCOIS AUGUSTON ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant NATIONAL ADMINISTRATIVE SERVICE CO., LLC ("NASC") and AFFORDABLE AUTO PROTECTON, LLC ("Affordable") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

### NATURE OF ACTION

2. Defendants offer services to businesses and consumers. As part of marketing their products and services, Defendants and their agents placed calls to Plaintiff's cell phone that used an autodialing system and a prerecorded voice advertisement.

3. Defendants make unsolicited and unauthorized phone calls to consumers using false and misleading statements and artificial or prerecorded voice messages to sell vehicle service contracts (VSCs).

4. Defendant did not obtain consent from Plaintiff prior to calling his cell phone, and Defendant is therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers on a grand scale without their consent.

7. By placing the calls at issue, Defendant has violated the privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff FRANCOIS AUGUSTON ("Plaintiff") is a natural person and is a citizen of the Eastern District of Texas and was present in the Eastern District of Texas during all calls at issue in this case.

10. Defendant NATIONAL ADMINISTRATIVE SERVICE CO., LLC ("NASC") is a Limited Liability Company organized and existing under the laws of Ohio and can be served via registered agent Corporation Service Company d/b/a CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11. Defendant AFFORDABLE AUTO PROTECTION, LLC is a Limited Liability Company organized and existing under the laws of Florida and can be served via registered agent Gus Renny, 1300 Old Congress Road, West Palm Beach, Florida, 33409.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal stature.

13. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

14. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

16. On January 19, 2021, Plaintiff received a call on his cell phone (214) 699-1287 from defendant NASC from phone number (214) 983-3436 a spoofed caller ID number.

17. Plaintiff answered and heard an artificial or prerecorded voice message.

18. The artificial or prerecorded voice said that "your car warranty is about to expire" and "press one to speak to a representative."

19. Plaintiff was annoyed and disconnected the call

20. Moments later on January 19, 2021, Plaintiff received a call on his cell phone (214) 699-1287 from defendants NASC from phone number (214) 983-3436 a spoofed caller ID number.

21. Plaintiff answered and heard the same artificial or prerecorded voice message.

22. The artificial or prerecorded voice said that "your car warranty is about to expire" and "press one to speak to a representative."

23. Plaintiff "pressed one" and was transferred to a live representative.

24. Plaintiff was solicited for a VSC.

25. Plaintiff did not need, or want, a VSC but purchased and received a VSC from Defendant NASC in order to determine who was making the illegal robocalls.

26. On January 22, 2021, Plaintiff also received a third call to his cell phone (214) 699-1287 from defendant NASC from phone number (214) 699-1153 a spoofed caller ID number.

27. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

28. Plaintiff was annoyed and disconnected the call.

29. On January 28, 2021, Plaintiff also received a fourth call to his cell phone (214) 699-1287 from defendant NASC from phone number (281) 626-1072.

30. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

31. Plaintiff was annoyed and disconnected call.

32. Table A displays the calls made by the defendants

| Date | Caller ID |
|---|---|
| 1/19/2021 | 214-983-3436 |
| 1/19/2021 | 214-983-3436 |
| 1/22/2021 | 214-699-1153 |
| 1/28/2021 | 281-626-1072 |

33.

34. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

35. Defendants and their agents and co-conspirators amassed lists of thousands of vehicle owners from public records, vehicle sales and registration records, and data aggregators and then sent phone calls using artificial or prerecorded voice messages *en masse* to market their VSCs.

36. Defendants participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

37. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy. This is amply supported by the complaints Defendants receive that are available from the Better Business Bureau ("BBB"). The full scale of the complaints Defendants receive is not currently available to Plaintiffs but will be revealed through discovery to amplify what is shown below.

38. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants.

39. Plaintiff never consented to receive the calls alleged herein. Plaintiffs had no relationship with Defendants prior to the calls alleged herein.

40. Defendants advertised their products by falsely informing the consumer that their warranty had expired and that Defendants' product would "extend" the original auto manufacturer's warranty coverage. The VSCs are not auto warranty extensions and do not provide auto warranty coverage. The VSCs are also with parties other than the original manufacturer of the vehicle and warrantors.

### The Texas Business and Commerce Code 305.053

41. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

42. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
### AS A RESULT OF THE CALLS

43. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by the Defendants and other similar companies.

44. Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the functionality of his phone decreased because of unnecessary charging, erosion of phone memory, and had his privacy invaded by the harassing robocalls.

## FIRST CAUSE OF ACTION

Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendant and/or their agents placed calls to Plaintiff's cellular telephone.

47. Plaintiff never consented to receive calls from Defendant. Plaintiff has no relationship with Defendant.

48. Defendant's calls were made for purposes of advertising and marketing Defendants' VSCs. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

49. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

50. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful calling campaigns.

51. Not only did Defendant make these violating calls, Defendant and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

52. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION

### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendants)

53. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

54. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a. written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];

   b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,

   c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

55. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

56. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

### THIRD CAUSE OF ACTION
### Violations of The Texas Business and Commerce Code 305.053

57. Plaintiff incorporates the foregoing allegations as if set forth herein.

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

58. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Auguston cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendant violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an automated dialing system that does not comply with the technical and procedural standards under this subsection.

59. Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

60. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Francois Auguston prays for judgment against the defendant jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for four calls.

  E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

  F. An award to Mr. Auguston of damages, as allowed by law under the TCPA;

  G. An award to Mr. Auguston of interest, costs and attorneys' fees, as allowed by law and equity

  H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

October 5, 2021       Respectfully Submitted,

*/s/ Francois Auguston*

Francois Auguston  
Plaintiff, Pro Se  
4704 Redwood Drive  
Mckinney, Texas 75070  
214-687-8516