**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CASE NO.: 4:21CV819**

FRANCOIS AUGUSTON,

Plaintiff,

v.

NATIONAL ADMINISTRATIVE
SERVICE CO., LLC and
AFFORDABLE AUTO PROTECTION, LLC,

Defendants.
_____________________________________/

**DEFENDANT, AFFORDABLE AUTO PROTECTION, LLC'S, MOTION TO DISMISS PLAINTIFF, FRANCOIS AUGUSTON'S, COMPLAINT**

Defendant, Affordable Auto Protection, LLC ("Affordable"), by and through undersigned counsel, hereby files this Motion to Dismiss Plaintiff, Francois Auguston's ("Plaintiff"), Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b) subsections (2), (5) and (6), and states as follows:

## I. INTRODUCTION.

Although not the picture of clarity, Plaintiff appears to allege that Affordable and National Administrative Service Co., LLC ("National") ("Defendants") collectively violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Texas Business and Commercial Code, §302.101 ("TBCC") when Plaintiff allegedly received four (4) unlawful phone calls to his cellular telephone at the number (214) 699-1287 ("Subject Calls"). Plaintiff alleges that the Subject Calls were made using an automatic telephone dialing system ("ATDS") and prerecorded voice technology, for non-emergency purposes. Plaintiff makes no reference to the National Do Not Call Registry or the Texas Do Not Call Registry, and fails to

assert any claims that his cellular telephone number was registered on either of the Registries during the time of the Subject Calls.

In accordance with Federal Rule of Civil Procedure 12(b), subsections (2) and (5), Affordable hereby moves for the dismissal of this case against it because it is not a proper party to this lawsuit, and it is not subject to the personal jurisdiction of the Court. Moreover, in accordance with Federal Rule of Civil Procedure 12(b)(6), Plaintiff fails to sufficiently plead a *prima facie* claim against Affordable and Plaintiff's conclusory and factually unsupported allegations are legally insufficient to form the basis of the claims asserted against Affordable under the TCPA and the TBCC. Accordingly, the Complaint must be dismissed with prejudice as it pertains to Affordable because Affordable is an improper party over which this Court lacks personal jurisdiction and for failure to state a claim for which relief may be granted.

## II. STATEMENT OF FACTS.

1. On or about October 18, 2021, Plaintiff filed the Complaint for alleged damages claiming that both Affordable and National (collectively "Defendants") collectively violated the TCPA and the TBCC by allegedly making the Subject Calls to his cellular telephone, using what Plaintiff claims was an ATDS and prerecorded voice technology. *See* Complaint generally [D.E. 1].

2. Affordable is a Florida limited liability company with its principal place of business in West Palm Beach, Florida.

3. At all times relevant, Gustav Renny served as the Manager of Affordable. A complete and accurate copy of Mr. Renny's Sworn Declaration is attached hereto as Exhibit "A".

4. Although Affordable is an active Florida limited liability company, it does not currently conduct business in the State of Florida or anywhere else. *See* Exhibit "A".

5. Affordable does not own or lease any real estate in the State of Texas and has no office locations nor presence in the State of Texas. *See* Exhibit "A".

6. Affordable has never conducted business operations of any kind in the State of Texas. *See* Exhibit "A".

7. Affordable has never incurred or remitted taxes in the State of Texas. *See* Exhibit "A".

8. Affordable does not do any telemarketing and does not sell automobile warranties via telephone or telemarketing. *See* Exhibit "A".

9. Affordable did not call Plaintiff and did not sell Plaintiff a Vehicle Service Contract ("VSC"). *See* Exhibit "A".

10. Affordable does not utilize an ATDS, nor has Affordable authorized or permitted any other parties to utilize an ATDS on its behalf. *See* Exhibit "A".

11. Affordable does not utilize prerecorded voice technology, nor has Affordable authorized or permitted any other parties to utilize prerecorded voice technology on its behalf. *See* Exhibit "A".

12. Affordable is improperly named as a defendant in this action. *See* Exhibit "A".

13. Regardless of the merits of Plaintiff's claims that the Subject Calls were unlawful, Affordable was not involved with the Subject Calls. *See* Exhibit "A".

14. The Complaint is completely devoid of factual support for the claims therein.

## III. ***PRO SE*** **LITIGANTS.**

*Pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Parties who proceed *pro se*, however, are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *See Reece v. Countrywide Home Loans*, 250 Fed. Appx. 91, 92

(5th Cir. 2007). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.1993).

## IV. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5).

***Affordable is an improper party to this lawsuit.*** "Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons. If a plaintiff performs an insufficient service of process, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5)." *Bailey v. AT&T Corp./Headquarters*, No. 3:16-CV-1464-B, 2017 WL 1178310, at *1 (N.D. Tex. Mar. 29, 2017) (citing *Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011)).

When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity." *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Under Federal Rule of Civil Procedure 4(a)(1)(A), in cases where the alleged defect in the service of process is that the plaintiff named an incorrect party, a defendant can challenge service under Rule 12(b)(5) on the grounds that the wrong party has been served. *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. Appx. 688, 691 n.3 (5th Cir. 2008).

Nowhere in the Complaint does Plaintiff state any claim directly against Affordable. Moreover, Plaintiff never directly mentions Affordable anywhere within the factual allegations section or the four causes of action contained therein. *See* Complaint generally [D.E. 1]. To the contrary, Plaintiff alleges that all of the Subject Calls were received from National and provides nothing to assert any claims against Affordable. *See* Complaint ¶¶ 16, 20, 26 and 29 [D.E. 1]. As such, it is unclear why Affordable was even named as a Defendant in this lawsuit because it had absolutely nothing to do with the Subject Calls. This is further evidenced by Mr. Renny's Sworn Declaration. *See* Exhibit "A". "A plaintiff's allegations are 'taken as true except to the extent that

they are contradicted by defendant's affidavits.'" *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) (quoting *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018)). Accordingly, there is no basis for liability against Affordable and it should be dismissed as an improper party pursuant to Federal Rule of Civil Procedure 12(b)(5).

In an abundance of caution, if the Court does not want to dismiss the instant matter based on the aforementioned argument, then the Court should still dismiss the case based on the below.

## V. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2).

***The Court lacks personal jurisdiction over Affordable in the instant matter.*** Before the Court can even consider the allegations made in the Complaint, the Court must first have the power to hear the case and possess jurisdiction over the parties. Pursuant to Federal Rule of Civil Procedure 12(b)(2), the exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp.*, 253 F.3d at 865, 867.

When, as here, "an action invoking the court's federal-question jurisdiction is based on a statute that does not provide for nationwide service of process, the court looks to the law of the forum state governing personal jurisdiction to determine if the defendant is amenable to process in the forum state." *Davis v. Leavitt*, No. 4:12-CV-739-A, 2013 WL 1155375, at *1 (N.D. Tex. Mar. 19, 2013) (citing *Omni Capital Int'l v. Rudolf Wolff & Co*., 484 U.S. 97, 104-05 (1987)); *see* Federal Rule of Civil Procedure 4(k)(1); *see also Casso's Wellness Store & Gym*, L.L.C. *v.*

*Spectrum Lab. Prod., Inc.,* No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018) (noting that the TCPA does not provide for nationwide service of process).

Since the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code § 17.041 *et seq*. "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp*., 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), cert. denied, 131 S. Ct. 3091 (2011).

General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Warranty Services, Inc. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results

from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Warranty Services, Inc.*, 205 F.3d at 215 (quoting *Burger King Corp*., 471 U.S. at 472) (quotations omitted). It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir. 1989).

***There are insufficient minimum contacts to establish general jurisdiction over Affordable.*** As noted above, a court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As reaffirmed by the Supreme Court of the United States ("SCOTUS"), these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The Fifth Circuit has "consistently imposed the high standard set by SCOTUS when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.,* 523 F.3d 602, 610-11 (5th Cir. 2008). Moreover, when a nonresident defendant timely challenges the existence of personal jurisdiction, the plaintiff bears the burden of proving that the Court, in fact, does have personal jurisdiction over the nonresident defendant. *Id.*; *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

In the instant matter, the Court lacks general jurisdiction over Affordable. Affordable is incorporated in and has its principal place of business in Florida. *See* Exhibit "A". Affordable is improperly named as a Defendant in this lawsuit and does not have any contacts with the State of Texas. Based on the fact that Plaintiff has not alleged that the Court has general jurisdiction and because Plaintiff has alleged no facts showing that Affordable made any contacts with Texas,

substantial, continuous, systematic, or otherwise, Plaintiff has failed to make a *prima facie* showing of general jurisdiction over Affordable.

***There are insufficient minimum contacts to establish specific jurisdiction over Affordable.*** Affordable does not have ties to this matter that warrant an assertion of specific jurisdiction because it was improperly named as a defendant as established above. Specific jurisdiction over a non-resident defendant exists where: (1) the "defendant has minimum contacts with the forum state, i.e., . . . it [has] purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). "[T]he plaintiff bears the burden of satisfying the first two prongs; *if the plaintiff is successful*, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable." *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

The first two prongs of the test for specific jurisdiction simply cannot be met here, as Affordable has no connection to the Subject Calls to warrant finding a connection to this forum with regards to the allegations giving rise to this case. *See Havel v. Honda Motor Europe Warranty Services, Inc.,* No. H-1291, 2014 WL 4967229, at *15 (S.D. Tex. Sept. 30, 2014) (finding the plaintiffs did not meet the burden necessary to impute a defendant's actions to another where the defendant never directed the other defendant to "take action" with respect to the State of Texas

and the plaintiffs did not allege or show how the defendant "direct[ed] its agents or distributors to take action" with respect to Texas).

Plaintiff merely alleges, "[t]his Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District." *See* Complaint ¶ 14 [D.E. 1]. However, Plaintiff provides no facts or specificity to plausibly support a claim for personal jurisdiction over Affordable. *See* Complaint generally [D.E. 1]. If the defendant's affidavits directly contradict the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a *prima facie* case of personal jurisdiction through nonconclusory allegations supported by admissible evidence." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015). As such, Plaintiff's allegations are insufficient and rebutted by Mr. Renny's Sworn Declaration. *See* Exhibit "A". Therefore, Plaintiff has failed to make a *prima facie* showing of specific jurisdiction over Affordable.

***The exercise of personal jurisdiction over Affordable would offend principles of fair play and substantial justice.*** Only when the Court finds minimum contacts with the forum exist does it need to determine whether the exercise of personal jurisdiction over a defendant would comply with the traditional notions of fair play and substantial justice. *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10; *see also Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ("In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." (quoting *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015))). In order to comply with the notions of fair play and substantial justice, "[t]he relationship between the defendant and the forum state must be such that it is reasonable to require

the [company] to defend the particular suit." *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

As already explained above, Affordable has no relationship with Texas that would make it reasonable for it to defend a lawsuit in this forum. *See* Exhibit "A". In fact, it is inherently unreasonable to require Affordable to travel to Texas to defend itself from accusations made against the wrong party. The notions of fair play and substantial justice do not support a finding of personal jurisdiction over Affordable and the Court, lacking personal jurisdiction over Affordable, should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

## VI. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

***Plaintiff fails to state a cause of action for which relief can be granted.*** "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Here, Plaintiff has failed to allege any factual basis to support the advancement of this case.

***Plaintiff fails to establish when and if he allegedly enrolled on the National and Texas Do Not Call Registries.*** Liability under the TCPA and the TBCC require, as an essential element, that Plaintiff was registered on the National and/or Texas Do Not Call Registries at the time of the Subject Calls. In the instant matter, Plaintiff fails to even mention the National and the Texas Do Not Call Registries or if he ever enrolled on either of them. *See* Complaint generally [D.E. 1]. Plaintiff's enrollment on the respective Do Not Call Registries are material assertions that are essential elements to all of Plaintiff's claims. Accordingly, Plaintiff has failed to establish a *prima facie* cause of action under the TCPA and the TBCC and the Complaint must be dismissed as a matter of law.

***Plaintiff fails to directly allege any claims against Affordable and fails to identify the alleged caller(s) or to assert that Affordable had any control over the unidentified caller(s).*** Plaintiff fails to make any specific claims against Affordable. *See* Complaint generally [D.E. 1]. Plaintiff merely alleges that he received the Subject Calls from National. *See* Complaint ¶¶ 16,

20, 26 and 29 [D.E. 1]. By his own admission, Plaintiff admits that he was unable to ascertain any additional information regarding the first Subject Call because he "was annoyed and disconnected the call." *See* Complaint ¶ 16 [D.E. 1]. Plaintiff further admits that he did not receive any additional information about the purported caller(s) until after he purchased a VSC on the second Subject Call. *See* Complaint ¶ 25 [D.E. 1]. Upon Plaintiff's voluntary purchase of the VSC from National, a business relationship was established. As such, the last two Subject Calls were not subject to the TCPA or the TBCC because of the aforementioned preestablished business relationship. Regardless, Plaintiff fails to provide (nor could he) any factual basis that the alleged Subject Calls came at the direction of Affordable or that Affordable had anything to do with them. *See* Complaint generally [D.E. 1].

Overall, Plaintiff fails to provide any factual support as to the alleged origination of the Subject Calls and fails to plausibly link the Subject Calls to Affordable. This is a fatal flaw in the Complaint that Plaintiff will not be able to correct. Affordable cannot defend itself against the threadbare Complaint that fails to even make a direct allegation against Affordable. As such, Plaintiff's unsupported conclusory statements contained in the Complaint are legally insufficient to form the basis of his claims under the TCPA and the TBCC and the Complaint must be dismissed as a matter of law.

Even if Affordable was a properly named defendant (which it clearly is not), the Complaint still fails to establish a *prima facie* claim under the TCPA and the TBCC and fails to set forth the ultimate facts with sufficient clarity to inform Affordable of the allegations against it, allow Affordable to provide an intelligent answer, and to allow Affordable to formulate a proper defense. Therefore, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**VII. CONCLUSION.**

For the reasons stated above, Affordable must be dismissed as a matter of law because it is an improper party to this lawsuit, because the court lacks personal jurisdiction over Affordable and because Plaintiff has failed to sufficiently state a claim for which relief may be granted. Moreover, allowing Plaintiff leave to amend and to allege that Affordable is somehow liable would be futile because no set of facts could reasonably cure the fatal deficiencies described herein or justly impute liability on Affordable for the Subject Calls. Therefore, any request to further amend the pleadings should be denied. *See Walker v. Beaumont Indep. Sch. Dist.,* 2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed.") (quoting *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)).

WHEREFORE, Defendant, Affordable Auto Protection, LLC, respectfully moves this Court to enter an Order dismissing Plaintiff, Francois Auguston's, Complaint in its entirety and with prejudice, pursuant to Federal Rule of Civil Procedure 12(b) subsections (2), (5) and (6), and for such further relief as this Court finds proper and just.

Dated: November 30, 2021

Respectfully Submitted,

By: /s/ *Jason S. Weiss*

Jason S. Weiss
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Phone: 954.573.2800
Fax: 954.573.2798
jason@jswlawyer.com
*Counsel for Defendant, Affordable Auto Protection, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2021, the foregoing was filed through the Court's electronic filing system and will be sent electronically to the parties.

By: /s/ *Jason S. Weiss*
Jason S. Weiss