UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FRANCOIS AUGUSTON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL ADMINISTRATIVE SERVICE CO., LLC a Ohio Limited Liability Company and AFFORDABLE AUTO PROTECTION, LLC, d/b/a **AAP**, a Florida Limited Liability Company **GUSTAV RENNY**, aka **GUSTAVE RENNY**, aka **GUS RENNY**<br><br>　　　　　　Defendants. | CASE NO.: 4:21CV819 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW PLAINTIFF FRANCOIS AUGUSTON with his First Amended Complaint and will allege and show as follows:

### PLAINTIFF'S ORIGINAL COMPLAINT

#### PARTIES

1. Plaintiff FRANCOIS AUGUSTON ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant NATIONAL ADMINISTRATIVE SERVICE CO., LLC ("NASC") AFFORDABLE AUTO PROTECTON, LLC d/b/a AAP ("AAP"), and GUSTAV RENNY, a/k/a GUSTAVE RENNY, a/k/a GUS RENNY ("Renny") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

## NATURE OF ACTION

2. Defendants offer services to businesses and consumers. As part of marketing their products and services, Defendants and their agents placed calls to Plaintiff's cell phone that used an autodialing system and a prerecorded voice advertisement.

3. Defendants make unsolicited and unauthorized phone calls to consumers using false and misleading statements and artificial or prerecorded voice messages to sell vehicle service contracts (VSCs).

4. Defendant did not obtain consent from Plaintiff prior to calling his cell phone, and Defendant is therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on the Defendants' use of technological equipment to spam consumers on a grand scale without their consent.

7. By placing the calls at issue, Defendant has violated the privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## TEXAS BUSINESS AND COMMERCE CODE 302.101

9. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in the state of Texas.

10. The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

11. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code  302.303.]

## PARTIES

12. Plaintiff FRANCOIS AUGUSTON ("Plaintiff") is a natural person and is a citizen of the Eastern District of Texas and was present in the Eastern District of Texas during all calls at issue in this case.

13. Defendant NATIONAL ADMINISTRATIVE SERVICE CO., LLC ("NASC") is a Limited Liability Company organized and existing under the laws of Ohio and can be served via registered agent Corporation Service Company d/b/a CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

14. Defendant AFFORDABLE AUTO PROTECTION, LLC d/b/a AAP ("AAP") is a Limited Liability Company organized and existing under the laws of Florida and can be

3

served via registered agent Gus Renny, 1300 Old Congress Road, West Palm Beach, Florida, 33409.

15. Defendant GUSTAV RENNY a/k/a GUS RENNY a/k/a GUSTAVE RENNY ("Renny") is a natural person, officer, and principal owner of Affordable Auto Protection, LLC and can be served at 218 Edgewood Drive, West Palm Beach, Florida, 33405 or 130 Greenwood Drive, West Palm Beach, Florida 33404.

## JURISDICTION AND VENUE

16. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

17. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

18. This Court has specific personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District. Defendants sell VSCs that are administered in Texas. Defendants intentionally market VSCs in Texas and repair cars in facilities located in Texas.

19. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

20. Defendants jointly and severally violated the TCPA when they made phone calls to Plaintiff's cell phone that contained prerecorded voice messages.

21. Plaintiff successfully registered his phone number ending in 1287 on the National Do-Not-Call Registry (DNC) on March 28, 2021. Plaintiff has never unregistered his phone number from the DNC and Plaintiff was registered to the DNC at all times relevant to this Complaint.

22. Defendants NASC is the owner and administrator of the VSCs and hired and contracted with AAP and Renny to market and sell VSCs on their behalf.

23. Renny, and Renny-owned companies, have been the Defendants in at least 24 Federal lawsuits alleging TCPA violations.

24. Defendants' VSCs are administered and serviced in Texas. Defendants contract with vehicle service departments and vehicle repair shops located in Texas to fulfill claims made against the VSCs sold by Defendants.

25. Defendants intentionally direct vehicles to be taken to vehicle repair shops located in Texas as part of the fulfillment of their VSCs.

26. Defendants employ a network of vehicle service departments and vehicle repair shops located throughout the state of Texas.

27. On January 19, 2021, Plaintiff received a call on his cell phone (214) 699-1287 from defendant NASC from phone number (214) 983-3436 a spoofed caller ID number.

28. Plaintiff answered and heard an artificial or prerecorded voice message.

29. The artificial or prerecorded voice said that "your car warranty is about to expire" and "press one to speak to a representative."

30. Plaintiff was annoyed and disconnected the call

31. Moments later on January 19, 2021, Plaintiff received a call on his cell phone (214) 699-1287 from Defendants from phone number (214) 983-3436 a spoofed caller ID number.

32. Plaintiff answered and heard the same artificial or prerecorded voice message.

33. The artificial or prerecorded voice said that "your car warranty is about to expire" and "press one to speak to a representative."

34. Plaintiff "pressed one" and was transferred to a live representative. The live representative was later determined to be an employee and/or authorized agent of Defendant AAP who solicited Plaintiff for a VSC.

35. The Defendants and their representatives did not properly identify themselves or on whose behalf they were calling and Plaintiff had no way of knowing who was behind the phone calls without purchasing a VSC.

36. Plaintiff did not need or want, a VSC but purchased and received a VSC in order to determine who had made and commissioned the phone calls.

37. Plaintiff received a VSC in the mail as a direct and approximate result of the phone calls he received from the Defendants and the purchase of a VSC. The VSC Plaintiff received listed AAP as the "Seller" of the VSC and NASC as the "Administrator" of the VSC.

38. Plaintiff continued to receive the same automated phone calls with a prerecorded voice message despite having already purchased a VSC from the Defendants.

39. On January 22, 2021, Plaintiff also received a third call to his cell phone (214) 699-1287 from defendant NASC from phone number (214) 699-1153 a spoofed caller ID number.

40. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

41. On January 28, 2021, Plaintiff also received a fourth call to his cell phone (214) 699-1287 from defendant NASC from phone number (281) 626-1072.

42. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

43. Plaintiff was annoyed and disconnected the call.

44. Table A displays the calls made by the defendants

| Date | Caller ID |
|---|---|
| 1/19/2021 | 214-983-3436 |
| 1/19/2021 | 214-983-3436 |
| 1/22/2021 | 214-699-1153 |
| 1/28/2021 | 281-626-1072 |

45. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

46. Defendants and their agents and co-conspirators amassed lists of thousands of vehicle owners from public records, vehicle sales, and registration records, and data aggregators and then sent phone calls using artificial or prerecorded voice messages *en masse* to market their VSCs.

47. Defendants participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

48. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy. This is amply supported by the complaints Defendants receive that are available from the Better Business Bureau ("BBB"). The full scale of the complaints

7

Defendants receive is not currently available to Plaintiffs but will be revealed through discovery to amplify what is shown below.

49. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants.

50. Plaintiff never consented to receive the calls alleged herein. Plaintiffs had no relationship with Defendants prior to the calls alleged herein.

51. Defendants advertised their products by falsely informing the consumer that their warranty had expired and that the Defendants' product would "extend" the original auto manufacturer's warranty coverage. The VSCs are not auto warranty extensions and do not provide auto warranty coverage. The VSCs are also with parties other than the original manufacturer of the vehicle and warrantors.

52. Defendants are engaged in a Joint Enterprise and are jointly and severally liable for the illegal robocalls.

53. Defendant Renny has owned and operated multiple "car warranty" companies that make robocalls. Renny opens and closes "car warranty" companies as the companies begin to draw government scrutiny.

54. Renny has been sued numerous times and has made the TCPA violating calls a business practice. Renny knowingly and willfully flaunts the TCPA and state laws in his brazen attempt to gain wealth through deceptive trade practices.

55. Renny has been sued in Texas multiple times as he continues to direct his companies to call into Texas and spoof Texas area codes. Renny and his associates have purposely availed themselves of the law and protection of the state of Texas.

56. AAP is a d/b/a of Affordable Auto Protection, LLC setup by Renny to attempt to avoid liability. AAP was poorly set up and uses the same address as Affordable Auto Protection and the AAP website links back to Renny and Affordable Auto Protection. Renny's claims that this is not his company are not credible.

### VICARIOUS LIABILITY OF NASC

57. NASC contracted with AAP and Renny to market and sell VSCs on their behalf. NASC gave AAP direct authority pursuant to contracts to market, sell and administer contracts on behalf of NASC.

58. NASC entered into these contracts with full knowledge TCPA violating phone calls would be made in order to market, sell, and administer the contracts.

59. NASC entered into these agreements with full knowledge and expectation that AAP would use robocalls with prerecorded voice messages to market NASC's vehicle service contracts.

60. NASC ratified the actions of AAP when it knowingly and willfully entered into a contract and authorized AAP to make phone calls on its behalf to sell VSCs with the full knowledge of AAP's and Renny's extensive history of TCPA violations and federal lawsuits.

### The Texas Business and Commerce Code 305.053

61. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

62. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

63. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by the Defendants and other similar companies.

64. Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the functionality of his phone decreased because of unnecessary charging, erosion of phone memory, and had his privacy invaded by the harassing robocalls.

## FIRST CAUSE OF ACTION

Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

65. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

66. Defendant and/or their agents placed calls to Plaintiff's cellular telephone.

67. Plaintiff never consented to receive calls from Defendant. Plaintiff has no relationship with Defendant.

68. Defendant's calls were made for purposes of advertising and marketing Defendants' VSCs. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

69. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

70. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful calling campaigns.

71. Not only did Defendant make these violating calls, but Defendant and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

72. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
**Violation of Texas Business and Commerce Code 302.101**
**(Against All Defendants)**

73. Plaintiff incorporates the foregoing allegations as if fully set forth herein. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

74. §302.101 of the Texas Business & Commerce Code prohibits sells from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

75. Defendant violated § 302.101 of the Texas Business & Commerce Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without a registration certificate from the Office of the Secretary of State.

76. 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigative costs, deposition expenses, witness fees and attorney fees.

## THIRD CAUSE OF ACTION\

11

## Violations of Texas Business and Commerce Code 302.101
## (Against All Defendants)

77. Plaintiff incorporates the foregoing allegations as if set forth herein.

78. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053,** by making non-emergency telemarketing robocalls to Mr. Auguston cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. Defendant violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an automated dialing system that does not comply with the technical and procedural standards under this subsection.

79. Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

80. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Francois Auguston prays for judgment against the defendant jointly and severally as follows:

    A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

    B.    A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

    C.    An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for four calls.

E. An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101

F. An award to Mr. Auguston of damages, as allowed by law under the TCPA;

G. An award to Mr. Auguston of interest, costs, and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

April 14, 20212                          Respectfully Submitted,

*/s/ Francois Auguston*

Francois Auguston
Plaintiff, Pro Se
4704 Redwood Drive
Mckinney, Texas 75070
214-687-8516

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FRANCOIS AUGUSTON, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ADMINISTRATIVE SERVICE CO., LLC a Ohio Limited Liability Company and AFFORDABLE AUTO PROTECTION, LLC, d/b/a AAP, a Florida Limited Liability Company GUSTAV RENNY, aka GUSTAVE RENNY, aka GUS RENNY <br><br> Defendants. | CASE NO.: 4:21CV819 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, I caused a true copy of the foregoing, **PLAINTIFF'S FIRST AMENDED COMPLAINT** to be served via electronic mail to all attorneys of record.

April 14, 2022

Respectfully submitted,

Francois Auguston
Plaintiff, Pro Se
4704 Redwood Drive
Mckinney, Texas 75070
214-687-8516