**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CASE NO.: 4:21-cv-00819-ALM-KPJ**

FRANCOIS AUGUSTON,

Plaintiff,

v.

NATIONAL ADMINISTRATIVE SERVICE CO., LLC an Ohio Limited Liability Company and AFFORDABLE AUTO PROTECTION, LLC, d/b/a AAP, a Florida Limited Liability Company GUSTAV RENNY, aka GUSTAV RENNY, aka GUS RENNY,

Defendants.
______________________________________/

**DEFENDANT, NATIONAL ADMINISTRATIVE SERVICE CO., LLC'S, MOTION TO DISMISS PLAINTIFF, FRANCOIS AUGUSTON'S, FIRST AMENDED COMPLAINT**

Defendant, National Administrative Service Co., LLC ("NASC"), by and through undersigned counsel, hereby files this Motion to Dismiss Plaintiff, Francois Auguston's ("Plaintiff"), First Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

## I. INTRODUCTION.

Plaintiff, by and through mere conclusory allegations and unsupported facts, amends his original Complaint, filed on October 18, 2021, and claims that the three (3) named defendants collectively violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), 47 C.F.R. § 64.1200(d) and the Texas Business and Commercial Code, §302.101 and §305.053 ("TBCC") when Plaintiff allegedly received four (4) unlawful phone calls to his cellular telephone at the number (214) 699-1287 ("Subject Calls"). Plaintiff alleges that the Subject Calls were made using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice

message. *See* Amended Complaint ¶¶ 2 and 28 [D.E. 10]. Plaintiff further alleges that his cellular telephone number has been on the National Do-Not-Call Registry ("Registry"). *See* Amended Complaint ¶ 21 [D.E. 10].

As stated before, and in accordance with Federal Rule of Civil Procedure 12(b)(6), Plaintiff fails to sufficiently plead a *prima facie* claim against NASC, and Plaintiff's mere conclusory and factually unsupported allegations are legally insufficient to form the basis of the claims asserted against NASC under the TCPA and the TBCC. As a result, the Amended Complaint must be dismissed with prejudice as it pertains to NASC because Plaintiff fails to state a claim for which relief may be granted.

**II. STATEMENT OF FACTS.**

1. On or about October 18, 2021, Plaintiff filed the original Complaint ("Initial Complaint") for alleged damages claiming that both Affordable Auto Protection, LLC ("Affordable") and NASC collectively violated the TCPA and the TBCC by allegedly making the Subject Calls to his cellular telephone, using what Plaintiff claims was an ATDS and prerecorded voice technology. *See* Initial Complaint generally [D.E. 1].

2. Plaintiff then filed his Amended Complaint whereby he added Gustav Renny ("Renny") as an additional Defendant and improperly identifies Affordable as doing business as AAP. Plaintiff claimed that Affordable, Renny, and NASC (collectively "Defendants") collectively violated the TCPA and the TBCC by allegedly making the Subject Calls to his cellular telephone, using what Plaintiff claims was an ATDS and prerecorded voice technology. *See* Amended Complaint generally [D.E. 10].

3. NASC is an Ohio limited liability company with its principal office in Columbus, Ohio.

4. NASC serves as an administrator of vehicle service contracts ("VSC").

5. NASC does not directly or indirectly initiate any outbound sales calls to consumers.

6. NASC does not utilize an ATDS, nor has NASC authorized or permitted any other parties to utilize an ATDS on its behalf.

7. NASC does not make robocalls, nor has NASC authorized or permitted any other parties to make robocalls on its behalf.

8. NASC has not directly or indirectly contacted Plaintiff on his cellular telephone number (214) 699-1287.

9. Regardless of the merits of Plaintiff's claims that the Subject Calls were unlawful, NASC was not involved with the Subject Calls.

10. The Amended Complaint is completely devoid of factual support for the claims therein.

## III. *PRO SE* LITIGANTS.

*Pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Parties who proceed *pro se*, however, are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *See Reece v. Countrywide Home Loans*, 250 Fed. Appx. 91, 92 (5th Cir. 2007). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.1993).

## IV. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

***Plaintiff fails to state a cause of action for which relief can be granted.*** "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

***Plaintiff fails to identify the alleged caller(s) or to assert that NASC had any control over the unidentified caller(s).*** Plaintiff merely alleges that he received the Subject Calls. *See* Amended Complaint ¶¶ 27, 31, 39 and 41 [D.E. 10]. While Plaintiff claims that he received a call on January 19, 2021 from NASC, by Plaintiff's own admission, Plaintiff admits that he was unable to ascertain any additional information regarding the first Subject Call because he "was annoyed and disconnected the call." *See* Amended Complaint ¶ 30 [D.E. 10]. Based on Plaintiff's

contradictory statements, it is clear that Plaintiff's attempt to amend the Initial Complaint is futile. Plaintiff further admits that he did not receive any additional information about the purported caller(s) until after he purchased a VSC on the second Subject Call. *See* Amended Complaint ¶ 36 [D.E. 10]. Upon Plaintiff's voluntary purchase of the VSC from NASC, a business relationship was established. As such, the last two Subject Calls were not subject to the TCPA or the TBCC because of the aforementioned preestablished business relationship. Regardless, Plaintiff fails to provide (nor could he) any factual basis that the alleged Subject Calls came at the direction of NASC or that NASC had anything to do with them. *See* Amended Complaint generally [D.E. 10]. Despite Plaintiff's attempt to identify the alleged callers, Plaintiff's own statements are indicative of his failure to establish a *prima facie* case against NASC. Plaintiff goes on to state that Defendants and their representatives "did not properly identify themselves or on whose behalf they were calling, and Plaintiff had no way of knowing who was behind the phone calls without purchasing a VSC, yet Plaintiff claims it was NASC even before he purchased a VSC. *See* Amended Complaint ¶ 35 [D.E. 10]. Plaintiff's own admissions contradict his allegations.

This is arguably the most significant material allegation regarding the entire Amended Complaint because the Subject Calls could have come from anyone. Just because the second alleged Subject Call may have originated with NASC (which is wholly impossible as NASC does not make any outbound calls), Plaintiff cannot make the illogical leap that all of the Subject Calls were tied to NASC. Overall, Plaintiff fails to provide any factual support as to the alleged origination of the Subject Calls and fails to plausibly link the Subject Calls to NASC. Furthermore, Plaintiff fails to assert if he is alleging that NASC made the Subject Calls or if he is alleging vicarious liability against NASC because the Subject Calls were made by an unidentified third party(ies). *See* Amended Complaint generally [D.E. 1]. This is a fatal flaw in the Amended

Complaint that Plaintiff will not be able to correct. It would be completely unreasonable to expect NASC to defend itself against such a painfully threadbare Amended Complaint that is completely devoid of factual support. As such, Plaintiff's unsupported conclusory statements contained in the Amended Complaint are legally insufficient to form the basis of his claims under the TCPA and the TBCC and the Amended Complaint must be dismissed as a matter of law.

Accordingly, the Amended Complaint fails to establish a *prima facie* claim under the TCPA and the TBCC and fails to set forth the ultimate facts with sufficient clarity to inform NASC of the allegations against it, allow NASC to provide an intelligent answer, and to allow NASC to formulate a proper defense. Moreover, allowing Plaintiff leave to amend would be futile because no set of facts could reasonably cure the fatal deficiencies described herein or justly impute liability on NASC for the Subject Calls. Therefore, any request to further amend the pleadings should be denied. *See Walker v. Beaumont Indep. Sch. Dist.,* 2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed.") (quoting *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)). Therefore, the Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

***Plaintiff fails to establish personal liability against NASC.*** "An officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved." *Cunningham v. Prof'l Educ. Inst., Inc.*, NO. 4:17-cv-00894-ALM-CAN, 2018 U.S. Dist. LEXIS 215107, at *11 (E.D. Tex. Nov. 5, 2018) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001)). "However, merely naming a corporate officer as being liable for the actions of the corporation due to this employment status is insufficient for the officer to be held jointly and

severally liable under the TCPA." *Id.* Thus, in order for NASC to be held liable individually, Plaintiff must have alleged or otherwise shown (but failed to do so) that NASC *actually participated* in the TCPA violation or show that an employee of NASC *sufficiently controlled* the policies and practices to be the driving force behind the TCPA violations. (emphasis added). *See Prof'l Educ.,* 2018 U.S. Dist. LEXIS 215107, at *12.

Here, similar to the plaintiff's allegations in *Prof'l Educ.*, Plaintiff has failed to allege anything outside of the "lump" pleadings that NASC directly participated in making any of the calls at issue. *See* Second Amended Complaint generally [D.E. 10]. In *Prof'l Educ.,* the court determined that the plaintiff's allegations were insufficient for purposes of imposing personal liability against the individual defendants under the TCPA, stating that "Plaintiff does not allege that [individual defendants] made any of the violating calls, how they had authority to direct any such calls, and/or otherwise indicate how they had any personal involvement whatsoever in the violative phone calls made to Plaintiff's cellular phone." *Id.* Similarly, in the instant matter Plaintiff fails to allege that (1) which employee from NASC personally authorized any of the calls at issue, (2) any specific action was taken by NASC or an employee of NASC, (3) what authority NASC or an employee from NASC had to direct such calls, or (4) NASC or its employee participated in the calls at issue. *See* Second Amended Complaint ¶¶ 57-60 [D.E. 10]. Consistent with the court's determination in *Prof'l Educ.*, Plaintiff's conclusory allegations here are not sufficient to establish vicarious liability against NASC.

This is merely a recitation of the elements of vicarious liability against a corporate officer, without any factual support thereof. This misses the mark completely as NASC is not even a corporate officer of Affordable. Plaintiff fails to allege any facts that would show any type legal agency relationship between NASC and other Defendants. In the absence of such, it cannot be said

that Plaintiff makes a claim for vicarious liability against NASC for any alleged violations under the TCPA. Thus, the Amended Complaint must be dismissed because, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

WHEREFORE, Defendant, National Administrative Service Co., LLC, respectfully moves this Court to enter an Order dismissing Plaintiff, Francois Auguston's, First Amended Complaint in its entirety and with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such further relief as this Court finds proper and just.

Dated: April 28, 2022

Respectfully Submitted,

By: /s/ *Jason S. Weiss*

Jason S. Weiss
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Phone: 954.573.2800
Fax: 954.573.2798
jason@jswlawyer.com
*Counsel for Defendant, National Administrative Service Co., LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2022, the foregoing was filed through the Court's electronic filing system and will be sent via USPS Mail to Plaintiff at the address below:

Francois Auguston
Plaintiff, *Pro Se*
4704 Redwood Drive
McKinney, Texas 75070

By: /s/ *Jason S. Weiss*
Jason S. Weiss