UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CASE NO.: 4:21-cv-00819-ALM-KPJ

FRANCOIS AUGUSTON,

    Plaintiff,

v.

NATIONAL ADMINISTRATIVE SERVICE CO., LLC an Ohio Limited Liability Company and AFFORDABLE AUTO PROTECTION, LLC, d/b/a AAP, a Florida Limited Liability Company GUSTAV RENNY, aka GUSTAV RENNY, aka GUS RENNY,

    Defendants.

_____/

**DEFENDANT, GUSTAV RENNY'S, MOTION TO DISMISS PLAINTIFF, FRANCOIS AUGUSTON'S, FIRST AMENDED COMPLAINT**

Defendant, Gustav Renny ("Renny"), by and through undersigned counsel, hereby files this Motion to Dismiss Plaintiff, Francois Auguston's ("Plaintiff"), First Amended Complaint ("Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and states as follows:

**I.    INTRODUCTION.**

Plaintiff, by and through mere conclusory allegations and unsupported facts, amends his original Complaint, filed on October 18, 2021, and claims that the three (3) named defendants collectively violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), 47 C.F.R. § 64.1200(d) and the Texas Business and Commercial Code, §302.101 and §305.053  ("TBCC") when Plaintiff allegedly received four (4) unlawful phone calls to his cellular telephone at the number (214) 699-1287 ("Subject Calls").  Plaintiff alleges that the Subject Calls were made using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice message.

*See* Amended Complaint ¶¶ 2 and 28 [D.E. 10]. Plaintiff further alleges that his cellular telephone number has been on the National Do-Not-Call Registry ("Registry"). *See* Amended Complaint ¶ 21 [D.E. 10]. Plaintiff fails to sufficiently plead a *prima facie* claim against Renny and Plaintiff's conclusory and factually unsupported allegations are legally insufficient to form the basis of the claims asserted against Renny under the TCPA and/or the TBCC.

What is most troubling is that Plaintiff names Renny in his individual capacity simply because of his role as Manager of Affordable Auto Protection, LLC ("Affordable"). Even assuming *arguendo* that Affordable engaged in this purported unlawful behavior violating the TCPA and the TBCC as alleged in the Amended Complaint, Plaintiff fails to allege sufficient facts to support the exercise of personal jurisdiction over Renny. There is no basis for this Court to assert personal jurisdiction over Renny, a non-resident, domiciled in Florida, who has never conducted business, owned property, nor done anything to purposefully avail himself of the benefits and protections of the State of Texas. As such, the Amended Complaint against Renny must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiff also fails to allege sufficient facts to hold Renny individually liable under the TCPA, the TBCC, or to even establish that Renny had any involvement whatsoever in any of the Subject Calls. Based on the foregoing, the Amended Complaint fails to state a claim against Renny for which relief may be granted and must be dismissed pursuant to Federal Rule of Civil Procedure12(b)(6).

**II.   STATEMENT OF FACTS.**

1. On October 18, 2021, Plaintiff initiated this lawsuit by filing his original Complaint ("Initial Complaint") asserting claims against National Administrative Service Co., LLC

("NASC") and Affordable Auto Protection, LLC ("Affordable"), arising under the TCPA and TBCC ("Initial Complaint"). *See* Initial Complaint generally [D.E. 1].

2. Plaintiff then filed his Amended Complaint whereby he added Renny as an additional Defendant and improperly identifies Affordable as doing business as AAP. Plaintiff claimed that Affordable, Renny, and NASC collectively violated the TCPA and the TBCC by allegedly making the Subject Calls to his cellular telephone, using what Plaintiff claims was an ATDS and prerecorded voice technology. *See* Amended Complaint generally [D.E. 10].

3. Renny has been implicated in this case in his individual capacity, despite never having acted in his individual capacity. A complete and accurate copy of Renny's Sworn Declaration is attached hereto as Exhibit "A".

4. Affordable is a Florida limited liability company with its principal place of business in West Palm Beach, Florida.

5. Despite Plaintiff taking the liberty of defining Affordable as "AAP" in the Amended Complaint, AAP and Affordable are not one in the same and are separate entities. *See* Exhibit "A".

6. Affordable is not registered to do business as AAP, Affordable has never been registered to do business as AAP and Affordable has never transacted business as AAP. *See* Exhibit "A".

7. AAP is the registered d/b/a name of a different entity entirely independent of Affordable.  *See* Exhibit "A".

8. At all times relevant, Renny served as the Manager of Affordable. *See* Exhibit "A".

9. Renny resides and is domiciled in Palm Beach County, Florida. *See* Exhibit "A".

10. Renny has resided in Florida since 1999. *See* Exhibit "A".

11. Renny has never lived in, or maintained a mailing address in Texas. *See* Exhibit "A".

12. Renny does not own or lease, and has never owned or leased, any real property in Texas and does not conduct any business in or otherwise have financial ties to Texas. *See* Exhibit "A".

13. Renny does not personally conduct any business in or otherwise have financial ties to Texas. *See* Exhibit "A".

14. Renny has never personally entered into a contract with a Texas resident and has never personally entered into a contract that was to be performed in whole or in part in Texas. *See* Exhibit "A".

15. Renny has never maintained a bank account in the State of Texas. *See* Exhibit "A".

16. Renny has never committed a tort in whole or in part in the State of Texas. *See* Exhibit "A".

17. Renny does not have, and has never had, any continuing and systematic contacts with the State of Texas. *See* Exhibit "A".

18. Renny has not availed himself to the laws and/or privileges of Texas. *See* Exhibit "A".

19. Renny is not an alter ego of Affordable or AAP. *See* Exhibit "A".

20. Renny has never comingled any of his personal assets or funds with that of Affordable or AAP, has never paid any debts of Affordable or AAP with his personal funds and has never personally promised to pay the debts of Affordable or AAP. *See* Exhibit "A".

21. Renny did not make any telephone calls to Plaintiff's cellular telephone at the number (214) 699-1287, which alleged calls form the basis for Plaintiff's claims set forth in the

Amended Complaint. Furthermore, Renny did not have any role in making the Subject Calls, did not direct anyone else to make the Subject Calls, and does not have knowledge that the Subject Calls were allegedly being made. *See* Exhibit "A".

22. The Amended Complaint should be dismissed against Renny because the Court lacks personal jurisdiction over him.[1]

23. Regardless of the merits of Plaintiff's claims that the Subject Calls were unlawful, Renny was not involved with the Subject Calls. *See* Exhibit "A".

24. The Amended Complaint is completely devoid of factual support for the claims set forth therein.

### III.   *PRO SE* LITIGANTS.

*Pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Parties who proceed *pro se*, are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *See Reece v. Countrywide Home Loans*, 250 Fed. Appx. 91, 92 (5th Cir. 2007). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.1993).

### IV.   MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2).

**The Court lacks personal jurisdiction over Renny in the instant matter.** Before the Court can even consider the allegations made in the Amended Complaint, the Court must first have the power to hear the case and possess jurisdiction over the parties. Pursuant to Federal Rule of Civil

---

[1] Renny's appearance is a "special appearance" for the limited purpose of disputing this Honorable Court's jurisdiction. The filing of this Motion to Dismiss shall not be construed as Defendant submitting himself to the jurisdiction of this Court.

Procedure 12(b)(2), the exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 867 (5th Cir. 2001).

When, as here, "an action invoking the court's federal-question jurisdiction is based on a statute that does not provide for nationwide service of process, the court looks to the law of the forum state governing personal jurisdiction to determine if the defendant is amenable to process in the forum state." *Davis v. Leavitt*, No. 4:12-CV-739-A, 2013 WL 1155375, at *1 (N.D. Tex. Mar. 19, 2013) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)); *see* Federal Rule of Civil Procedure 4(k)(1); *see also Casso's Wellness Store & Gym*, L.L.C. *v. Spectrum Lab. Prod., Inc.,* No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018) (noting that the TCPA does not provide for nationwide service of process).

Since the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.* "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

6

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two (2) types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), cert. denied, 131 S. Ct. 3091 (2011).

General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Warranty Services, Inc. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Warranty Services, Inc.*, 205 F.3d at 215 (quoting *Burger King Corp*., 471 U.S. at 472) (quotations omitted). It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir. 1989).

"A plaintiff's allegations are 'taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) (quoting *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018)).

***There are insufficient minimum contacts to establish general jurisdiction over Renny.***

As noted above, a court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As reaffirmed by the Supreme Court of the United States ("SCOTUS"), these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The Fifth Circuit has "consistently imposed the high standard set by SCOTUS when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.,* 523 F.3d 602, 610-11 (5th Cir. 2008). Moreover, when a nonresident defendant timely challenges the existence of personal jurisdiction, the plaintiff bears the burden of proving that the Court, in fact, does have personal jurisdiction over the nonresident defendant. *Id.*; *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

In the instant matter, the Court lacks general jurisdiction over Renny. Specifically, in his individual capacity, Renny is a resident of Florida with no direct ties to Texas. *See* Exhibit "A". Moreover, Renny has never conducted business in Texas and has never availed himself to the laws and privileges of Texas. *See* Exhibit "A". Plaintiff does not even specifically allege that the Court has personal jurisdiction over Renny, let alone provide any factual support thereof. *See* Amended Complaint generally [D.E. 10]. Based on the fact that Plaintiff has not alleged that the Court has general jurisdiction over Renny and because Plaintiff has alleged no facts showing that Renny made any or has any contacts with Texas, substantial, continuous, systematic, or otherwise, Plaintiff has failed to make a *prima facie* showing of general jurisdiction over Renny.

***There are insufficient minimum contacts to establish specific jurisdiction over Renny.***
Specific jurisdiction over a non-resident defendant exists where: (1) the "defendant has minimum

8

contacts with the forum state, i.e., . . . it [has] purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). "[T]he plaintiff bears the burden of satisfying the first two prongs; *if the plaintiff is successful*, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable." *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

The first two (2) prongs of the test for specific jurisdiction simply cannot be met here as Renny has no connection to the Subject Calls to warrant finding a connection to this forum with regard to the allegations giving rise to this case. *See Havel v. Honda Motor Europe Warranty Services, Inc.,* No. H-1291, 2014 WL 4967229, at *15 (S.D. Tex. Sept. 30, 2014) (finding the plaintiffs did not meet the burden necessary to impute a defendant's actions to another where the defendant never directed the other defendant to "take action" with respect to the State of Texas and the plaintiffs did not allege or show how the defendant "direct[ed] its agents or distributors to take action" with respect to Texas).

Plaintiff merely alleges that "[t]his Court has specific personal jurisdiction over Defendants because they conduct business in the District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District." *See* Amended Complaint ¶ 18 [D.E. 10]. However, Plaintiff fails to provide any facts or specificity to plausibly support a claim for personal jurisdiction over Renny. *See* Amended Complaint generally [D.E. 10]. "If the defendant's

9

affidavits directly contradict the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a *prima facie* case of personal jurisdiction through nonconclusory allegations supported by admissible evidence." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015). Plaintiff's allegations are insufficient and rebutted by Renny's Sworn Declaration attached as Exhibit "A". Plaintiff has failed to make a *prima facie* showing of specific jurisdiction over Renny.

**The exercise of personal jurisdiction over Renny would offend principles of fair play and substantial justice.** Only when the Court finds minimum contacts with the forum exist does it need to determine whether the exercise of personal jurisdiction over a defendant would comply with the traditional notions of fair play and substantial justice. *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10; *see also Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ("In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." (quoting *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015))). In order to comply with the notions of fair play and substantial justice, "[t]he relationship between the defendant and the forum state must be such that it is reasonable to require the [company] to defend the particular suit." *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

As already explained at length, Renny has no relationship with Texas that would make it reasonable for him to defend a lawsuit in this forum. *See* Exhibit "A". In fact, it is inherently unreasonable to require Renny to travel to Texas to defend himself from baseless accusations. Thus, the notions of fair play and substantial justice do not support a finding of personal

jurisdiction over Renny, and the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). In an abundance of caution, if the Court does not want to dismiss the instant matter based on the aforementioned argument, then the Court should still dismiss the case based on the additional reasons set forth below.

V.     **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).**

***Plaintiff fails to state a cause of action for which relief can be granted.*** "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

(1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

***Plaintiff fails to identify the alleged caller(s) or to provide any factual basis that Affordable or Renny had any control over the unidentified caller(s).*** Plaintiff merely alleges that he received the Subject Calls. *See* Amended Complaint ¶¶ 27, 31, 39 and 41 [D.E. 10]. However, by Plaintiff's own admission, Plaintiff admits that he was unable to ascertain any additional information regarding the first Subject Call because he "was annoyed and disconnected the call." *See* Amended Complaint ¶ 30 [D.E. 10]. Plaintiff further admits that he did not receive any additional information about the purported caller(s) until after he purchased a VSC on the second Subject Call. *See* Amended Complaint ¶ 36 [D.E. 10]. Upon Plaintiff's voluntary purchase of the VSC from NASC, a business relationship was established. As such, the last two Subject Calls were not subject to the TCPA or the TBCC because of the aforementioned preestablished business relationship. Regardless, Plaintiff fails to provide (nor could he) any factual basis that the alleged Subject Calls came at the direction of Affordable or that Affordable had anything to do with them. *See* Amended Complaint generally [D.E. 10].

Consequently, Plaintiff fails to provide (nor could he) any factual basis that the alleged calls were made by Affordable or Renny, came at the direction of Affordable or Renny, or that Affordable had anything to do with these alleged calls or that Renny has any control over Affordable and these alleged calls. *See* Amended Complaint generally [D.E. 10]. This is arguably the most significant material allegation regarding the entire Amended Complaint because the alleged calls could have come from **anyone** and regardless of who they were from, they were not from Renny!

Overall, Plaintiff fails to provide any factual support as to the alleged origination of the Subject Calls and fails to plausibly link the Subject Calls to Affordable. In doing so, Plaintiff provides zero basis to support any claims against Renny. This is a fatal flaw in the Amended Complaint that Plaintiff will not be able to correct. It would be completely unreasonable to expect Renny to defend himself against such a painfully threadbare Amended Complaint that is completely devoid of factual support.

***Plaintiff fails to establish personal liability against Renny.*** "An officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved." *Cunningham v. Prof'l Educ. Inst., Inc.*, NO. 4:17-cv-00894-ALM-CAN, 2018 U.S. Dist. LEXIS 215107, at *11 (E.D. Tex. Nov. 5, 2018) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001)). "However, merely naming a corporate officer as being liable for the actions of the corporation due to this employment status is insufficient for the officer to be held jointly and severally liable under the TCPA." *Id.* Thus, in order for Renny to be held liable individually, Plaintiff must have alleged or otherwise shown (but failed to do so) that Renny <u>*actually participated*</u> in the TCPA violation or show that Renny <u>*sufficiently controlled*</u> the policies and practices to be the driving force behind the TCPA violations. (emphasis added). *See Prof'l Educ.*, 2018 U.S. Dist. LEXIS 215107, at *12.

Here, similar to the plaintiff's allegations in *Prof'l Educ.*, Plaintiff has failed to allege anything outside of the "lump" pleadings that Renny directly participated in making any of the calls at issue. *See* Amended Complaint generally [D.E. 10]. In *Prof'l Educ.*, the court determined that the plaintiff's allegations were insufficient for purposes of imposing personal liability against the individual defendants under the TCPA, stating that "Plaintiff does not allege that [individual

defendants] made any of the violating calls, how they had authority to direct any such calls, and/or otherwise indicate how they had any personal involvement whatsoever in the violative phone calls made to Plaintiff's cellular phone." *Id.* Similarly, in the instant matter Plaintiff fails to allege sufficient facts that (1) Renny personally authorized any of the calls at issue, (2) any specific action was taken by Renny, (3) what authority Renny had to direct such calls, or (4) Renny participated in the calls at issue. *See* Amended Complaint generally [D.E. 10]. Instead, Plaintiff relies on a litany of blanket allegations attempting to create some sort of link to Renny, without a scintilla of facts. Consistent with the court's determination in *Prof'l Educ.*, Plaintiff's conclusory allegations here are not sufficient to establish vicarious liability against Renny.

Plaintiff's unsupported conclusory statements contained in the Amended Complaint are legally insufficient to form the basis of his claims under the TCPA and/or the TBCC and the Amended Complaint must be dismissed as a matter of law. Accordingly, even if Affordable was responsible for the Subject Calls (which it clearly is not), the Amended Complaint still fails to establish a *prima facie* claim under the TCPA and/or the TBCC against Renny and fails to set forth the ultimate facts with sufficient clarity to inform Renny of the allegations against him, allow Renny to provide an intelligent answer, and to allow Renny to formulate a proper defense. Therefore, the Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## VI. CONCLUSION.

Renny must be dismissed as a matter of law because (1) the court lacks personal jurisdiction over him and (2) Plaintiff has failed to sufficiently state a claim for which relief may be granted. Moreover, allowing Plaintiff leave to amend and to allege that Renny is somehow liable would be futile because no set of facts could reasonably cure the fatal deficiencies described herein or justly impute liability on Renny for the Subject Calls. Therefore, any request to further amend the

pleadings should be denied. *See Walker v. Beaumont Indep. Sch. Dist.,* 2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed.") (quoting *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)).

WHEREFORE, Defendant, Gustav Renny, respectfully moves this Court to enter an Order dismissing Plaintiff, Francois Auguston's, First Amended Complaint in its entirety with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and for such further relief as this Court finds proper and just.


Dated: April 28, 2022.                                  Respectfully Submitted,


                                                        By:    /s/ *Jason S. Weiss*
                                                               Jason S. Weiss
                                                               WEISS LAW GROUP, P.A.
                                                               5531 N. University Drive, Suite 103
                                                               Coral Springs, FL 33067
                                                               Phone: 954.573.2800
                                                               Fax: 954.573.2798
                                                               jason@jswlawyer.com
                                                               *Counsel for Defendant, Gustav Renny*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2022, the foregoing was filed through the Court's electronic filing system and will be sent via USPS Mail to Plaintiff at the address below:

Francois Auguston
Plaintiff, *Pro Se*
4704 Redwood Drive
McKinney, Texas 75070

                                                By: /s/ *Jason S. Weiss*
                                                      Jason S. Weiss