IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FRANCOIS AUGUSTON, § § **Plaintiff,** § § v. § § NATIONAL ADMINISTRATIVE § SERVICE CO., LLC, et al., § § **Defendants.** § § | Civil Action No. 4:21-cv-819-ALM-KPJ |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Francois Auguston's ("Plaintiff") Motion for Leave to Amend Complaint (the "Motion") (Dkt. 9). Upon consideration, the Court will **GRANT** the Motion (Dkt. 9).

### I.   BACKGROUND

On October 13, 2021, Plaintiff filed this lawsuit against Defendants National Administrative Service Co., LLC ("NASC") and Affordable Auto Protection, LLC ("AAP"). *See* Dkt. 1. Plaintiff's Original Complaint asserted claims against NASC and AAP under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Business and Commerce Code. *Id*. at 7–9.

On November 30, 2021, NASC and AAP each moved to dismiss Plaintiff's Original Complaint. *See* Dkts. 5, 6. After Plaintiff failed to respond to either motion to dismiss, the Court ordered Plaintiff to file responses, if any, to the motions to dismiss no later than April 14, 2022. *See* Dkt. 7. On April 14, 2022, instead of responding to the motions to dismiss, Plaintiff filed the

1

present Motion for leave to amend his complaint. *See* Dkt. 9. Plaintiff also submitted a proposed amended complaint (hereinafter, the "First Amended Complaint"). *See* Dkt. 10.

Plaintiff's proposed First Amended Complaint names, in addition to NASC and AAP, a third defendant: Gustav Renny a/k/a Gustave Renny a/k/a Gus Renny ("Renny", and together with NASC and AAP, "Defendants"). *See* Dkt. 10 at 1. The proposed First Amended Complaint identifies Renny as an officer and principal owner of AAP. *Id.* at 4.

Defendants did not file responses to Plaintiff's Motion seeking leave to amend. Instead, Defendants each have moved to dismiss Plaintiff's proposed First Amended Complaint. *See* AAP's Motion to Dismiss (Dkt. 11); NASC's Motion to Dismiss (Dkt. 12); Renny's Motion to Dismiss (Dkt. 13).

## II.   LEGAL STANDARD

Plaintiff seeks leave to amend under Rule 15 of the Federal Rules of Civil Procedure. *See* Dkt. 9 at 1. Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *See* FED. R. CIV. P. 15(a)(1)(B). In all other cases, a party may amend "only with the opposing party's written consent or the court's leave." *See* FED. R. CIV. P. 15(a)(2). Because Plaintiff moved to amend several months after NASC and AAP filed their Rule 12(b) motions to dismiss, Plaintiff is not entitled to amend as a matter of course; instead, Plaintiff may only seek leave to amend under Rule 15(a)(2).

Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers*

*Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992).

Because a scheduling order has not been entered in this case, the Court does not consider Rule 16 of the Federal Rules of Civil Procedure. *See Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013) ("When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings."); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

### III.     ANALYSIS

A district court reviewing a motion to amend pleadings under Rule 15 considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Upon review, the Court finds that the five factors support granting Plaintiff leave to amend.

First, the Court finds there was no undue delay. "Although it is generally true that leave to file amendments should be freely given, amendments should be tendered no later than the time of pretrial, unless compelling reasons why this could not have been done are presented." *Smith*, 393 F.3d at 595 (internal quotation marks and citations omitted). "At some point, time delay on the part of the plaintiff can be procedurally fatal." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Here, Plaintiff has moved for leave to amend in the very early stages of this case. The Court has not yet scheduled a Rule 16 Management Conference. The parties have not been ordered to

3

exchange initial disclosures or to submit a joint Rule 26(f) report. Discovery has not yet commenced. The Court therefore does not discern a delay that would be "procedurally fatal." *Gregory*, 634 F.2d at 203.

Second, because there is no evidence of bad faith or dilatory motive, the Court finds that this factor weighs in favor of granting Plaintiff leave to amend his complaint. *See Williams v. City of Denton*, No. 4:17-cv-811, 2020 WL 1158610, at *4 (E.D. Tex. 2020) (finding this factor weighs in favor of granting leave where no evidence of bad faith or dilatory motive existed in the record); *see also Nevels v. Ford Motor Co.*, 439 F.2d 251, 257 (5th Cir. 1971) (noting bad faith and dilatory motive can exist where the movant created a "last minute surprise" on an adversary, rendering the adversary unable "to meet the tendered issue").

Third, "because there is no repeated failure to cure a previous deficiency[,]" the Court finds that this factor weighs in favor of granting Plaintiff leave to amend. *Venzor v. Collin Cnty., Tex.*, No. 4:20-cv-318, 2021 WL 708611, at *5 (E.D. Tex. Jan. 29, 2021). Fourth, because the Motion was filed in the early stages of litigation, the Court does not find that Defendants would experience any undue prejudice. *See KaZee, Inc. v. Raimer,* No. 4:19-cv-31, 2020 WL 6382631, at *3 (E.D. Tex. Oct. 30. 2020) (finding "little, if any," prejudice where leave to amend was sought after a single motion to dismiss, no amendment to the pleadings, and some discovery ordered with respect to preliminary injunction hearing); *Williams*, 2020 WL 1158610, at *6 (finding no prejudice where case was "still in its procedural infancy"). Fifth, granting Plaintiff leave to amend his complaint would not be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

On balance, the factors weigh in favor of granting the Motion.

## IV.     CONCLUSION

Based on the foregoing, **IT IS ORDERED THAT**:

(1) Plaintiff's Motion for Leave to Amend Complaint (Dkt. 9) is hereby **GRANTED**.

(2) Plaintiff's First Amended Complaint (Dkt. 10) is deemed filed.

(3) Because the First Amended Complaint is now the operative complaint in this matter, NASC and AAP's initial Motions to Dismiss (Dkts. 5, 6), which were directed at Plaintiff's original complaint, are hereby **DENIED AS MOOT**.

(4) Plaintiff is hereby ordered to file responses, if any, to Defendants' Motions to Dismiss the First Amended Complaint (Dkts. 11, 12, 13) no later than **June 10, 2022**.

(5) All discovery, Rule 26 conference requirements, and scheduling requirements are **STAYED** pending resolution of Defendants' Motions to Dismiss (Dkts. 11, 12, 13).

**So ORDERED and SIGNED this 27th day of May, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE