IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANCOIS AUGUSTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-819-ALM-KPJ |
| NATIONAL ADMINISTRATIVE SERVICE CO., LLC, *et al.*, | § § § § | |
| Defendants. | § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are the following motions (together, the "Motions"):

1. Defendant Affordable Auto Protection, LLC's ("Affordable") Motion to Dismiss Plaintiff, Francois Auguston's, First Amended Complaint ("Affordable's Motion to Dismiss") (Dkt. 11);

2. Defendant National Administrative Service Co., LLC's ("NASC") Motion to Dismiss Plaintiff, Francois Auguston's, First Amended Complaint ("NASC's Motion to Dismiss") (Dkt. 12); and

3. Defendant Gustav Renny's ("Renny") Motion to Dismiss Plaintiff, Francois Auguston's, First Amended Complaint ("Renny's Motion to Dismiss") (Dkt. 13).

Upon consideration, the Court recommends Affordable's Motion to Dismiss (Dkt. 11) and Renny's Motion to Dismiss (Dkt. 13) be **GRANTED** to the extent they seek to dismiss Plaintiff Francois Auguston's ("Plaintiff") claims pursuant to Rule 12(b)(2); and NASC's Motion to Dismiss (Dkt. 12) be **DENIED**.

I.   BACKGROUND

On October 13, 2021, Plaintiff Francois Auguston ("Plaintiff"), proceeding *pro se*, filed his complaint against NASC and Affordable (the "Original Complaint") (Dkt. 1). *See id.* On

November 30, 2021, Affordable and NASC, respectively filed motions to dismiss (Dkts. 5, 6). On April 4, 2022, the Court ordered Plaintiff to file responses to Affordable and NASC's motions to dismiss, if any, no later than April 14, 2022. *See* Dkt. 7. On April 14, 2022, Plaintiff filed a motion for leave to amend the complaint (the "Motion for Leave to Amend") (Dkt. 9) and the proposed amended complaint (the "Amended Complaint") (Dkt. 10).

In the Amended Complaint, Plaintiff asserts that NASC, Affordable, and Renny (together, "Defendants") willfully and/or knowingly violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii),(B), (b)(3)(C), § 227(d), § 227(e), Texas Business and Commerce Code Section 305.053, and Texas Business and Commerce Code Section 302.101. *See* Dkt. 10. Specifically, Plaintiff asserts Defendants violated the TCPA by making phone calls to Plaintiff's cell phone with prerecorded voice messages to sell vehicle service contracts ("VSCs"). *See id.* at 2, 5. Plaintiff asserts NASC is the owner and administrator of the VSCs, and hired and contracted Affordable and Renny to market and sell VSCs on their behalf. *See id.* at 5. Plaintiff asserts "Defendants' VSCs are administered and serviced in Texas . . . Defendants intentionally direct vehicles to be taken to vehicle repair shops located in Texas as part of the fulfillment of their VSCs." *Id.* Plaintiff alleges on January 19, 2021, he received a call on his cell phone from Defendants using the spoofed caller ID number (214) 983-3436, and the following artificial or prerecorded voice message: "'your car warranty is about to expire' and 'press one to speak to a representative.'" *Id.* Plaintiff asserts he received a call from the same spoofed caller ID number moments later, heard the same artificial or prerecorded voice message, and pressed one to speak with a live representative. *See id.* at 6. Plaintiff asserts the live representative was later determined to be an employee and/or authorized agent of Affordable who allegedly solicited Plaintiff for a VSC. *See id.* Plaintiff alleges, "Defendants and their representatives did not properly identify

2

themselves or on whose behalf they were calling" and Plaintiff "purchased and received a VSC in order to determine who had made and commissioned the phone calls" although "Plaintiff did not need or want [a VSC]." *Id.* Plaintiff asserts he received a VSC in the mail and it listed Affordable as the "Seller" and NASC as the "Administrator." *Id.* Plaintiff alleges on January 22, 2021 and January 28, 2021, respectively, he received two more phone calls to his cell phone from NASC using the spoofed caller ID numbers (214) 699-1153 and (281) 626-1072, with the same artificial or recorded voice message. *See id.* at 6–7. Plaintiff asserts, "Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes," Defendants have "amassed lists of thousands of vehicle owners . . . and then sent phone calls using artificial or prerecorded voice messages *en masse*," and Defendants "participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling." *Id.* at 7. Plaintiff further alleges, "Defendants are engaged in a Joint Enterprise and are jointly and severally liable for the illegal robocalls," Renny knowingly violated the TCPA and state laws, Renny setup Affordable "to attempt to avoid liability," and NASC is vicariously liable for Affordable and Renny's actions. *Id.* at 8–9.

On April 28, 2022, Defendants filed the Motions. *See* Dkts. 11, 12, 13. Affordable seeks to dismiss Plaintiff's claims pursuant to Rule 12(b)(2), Rule 12(b)(5), and Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff has not shown Affordable has sufficient minimum contacts with Texas for either general or specific jurisdiction, Affordable is an improper party to this lawsuit, and Plaintiff has failed to directly allege any claim against Affordable and fails to identify the alleged callers or assert Affordable had control over the unidentified callers. *See* Dkt. 11 at 4–13. In support, Affordable attaches Renny's declaration asserting Affordable is a Florida limited liability company with its principal place of business in West Palm Beach, Florida,

Affordable has never conducted business operations of any kind in Texas, does not own or lease any real estate in Texas, has no office location in Texas, has never incurred or remitted taxes in Texas, and has not done business as the legal entity AAP. *See* Dkt. 11-1.

Renny seeks to dismiss Plaintiff's claims pursuant to Rule 12(b)(2) and Rule 12(b)(6), arguing Plaintiff has not shown Renny has sufficient minimum contacts with Texas for either general or specific jurisdiction, Plaintiff fails to state a cause of action, fails to identify the alleged callers or to provide any factual basis that Affordable or Renny have control over the unidentified callers, and fails to establish personal liability against Renny. *See* Dkt. 13 at 5–14. In support, Renny attaches his declaration asserting he resides in Florida, has not conducted business in Texas, and has only been to Texas on two occasions, both in 2011, to attend the Super Bowl and because of a layover flight from California. *See* Dkt. 13-1.

NASC seeks to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff fails to state a cause of action as Plaintiff fails to identify the alleged caller(s) or to assert NASC had any control over the unidentified callers and fails to establish personal liability as to NASC. *See* Dkt. 12 at 3–8. Specifically, NASC argues, "Plaintiff has failed to allege anything outside of the 'lump' pleadings that NASC directly participated in making any of the calls at issue" and fails to allege "(1) which employee from NASC personally authorized any of the calls at issue, (2) any specific action was taken by NASC or an employee of NASC, (3) what authority NASC or an employee from NASC had to direct such calls, or (4) NASC or its employee participated in the calls at issue." *Id.* at 7.

On May 27, 2022, the Court granted Plaintiff's Motion for Leave to Amend (Dkt. 9) and denied as moot NASC and Affordable's initial motions to dismiss (Dkts. 5, 6). *See* Dkt. 14. The Court further ordered Plaintiff to file responses, if any, to Defendants' Motions (Dkts. 11, 12, 13)

4

no later than June 10, 2022. *See id.* Plaintiff did not file responses to Defendants' Motions. On November 2, 2022, the Court ordered Plaintiff to file responses, if any, to the Motions (Dkts. 11, 12, 13) on or before fourteen (14) days of receipt of the Court's order. *See* Dkt. 15. On November 17, 2022, the Court received an acknowledgement of receipt from Plaintiff for the Court's November 2, 2022 Order. *See* Dkt. 16. To date, Plaintiff has not filed a response to any of Defendants' Motions (Dkts. 11, 12, 13).

## II.   LEGAL STANDARD

### A. Rule 12(b)(2) of the Federal Rules of Civil Procedure

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows for dismissal of an action when a court lacks personal jurisdiction over the defendant. *See* FED. R. CIV. P. 12(b)(2). "In resolving a Rule 12(b)(2) motion, the Court may consider 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F. Supp. 2d 501, 505–06 (N.D. Tex. 2014) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). The party seeking to invoke the power of the court bears the burden of establishing jurisdiction and "'a *prima facie* showing suffices.'" *Id.* at 506 (quoting *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)); *see also Savage v. Detroit Indep. Sch. Dist.*, No. 4:22-cv-202, 2022 WL 16814962, at *2 (E.D. Tex. Nov. 8, 2022) ("After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990))).

Courts conduct a two-step inquiry when a defendant challenges personal jurisdiction: (1) the defendant must be amenable to service of process under Texas' long-arm statute; and (2) the assertion of jurisdiction over the defendant must comport with the Due Process Clause of the

5

United States Constitution. *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). "Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Green Ice Tech., LLC v. Ice Cold 2, LLC*, No. 4:17-cv-341, 2018 WL 3656476, at *5 (E.D. Tex. Aug. 1, 2018) (citing *Bullion*, 895 F.2d at 216). Federal due process permits personal jurisdiction over a nonresident defendant that has "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of 'fair play and substantial justice.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

"The extent of the contacts determines whether the court's jurisdiction is specific or general." *Engel v. Hilton Worldwide*, No. H-20-2249, 2020 WL 5441568, at *4 (S.D. Tex. Sept. 10, 2020) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). Courts have "*general jurisdiction* over a nonresident defendant 'to hear any and all claims' if that defendant's contacts with the forum are so 'continuous and systematic' as to render it 'essentially at home' in the forum." *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 560 (S.D. Tex. 2021) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations omitted)). "Demonstrating that general personal jurisdiction exists is difficult and requires 'extensive contacts between a defendant and a forum.'" *Id.* (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). In contrast, "[s]pecific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Assocs. Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)). Thus, "the defendant's contacts must be more than

'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[S]pecific jurisdiction may exist where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts." *Id.* at 499 (citations omitted).

"Personal jurisdiction, like subject matter jurisdiction, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231–32 (5th Cir. 2012) (citation omitted) (cleaned up). Thus, "personal jurisdiction claims are 'threshold grounds for denying audience to a case on the merits,' and require that the courts reach the threshold claims before reaching claims on the merits." *Id.* at 232 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999)). Furthermore, a dismissal for lack of personal jurisdiction does not operate as an adjudication on the merits and is without prejudice. *See ITL Int'l, Inc. v. Café Soluble, S.A.*, 464 F. App'x 241, 244 (5th Cir. 2012) (per curiam).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III.   ANALYSIS

To date, Plaintiff has not responded to the Motions (Dkts. 11, 12, 13). Under Eastern District of Texas Local Rule 7(e), a "party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." LOCAL RULE CV-7(e). Plaintiff's failure to

respond creates the presumption he has no facts to controvert Defendants' Motions. *See* LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). More than seven months have passed since the Motions (Dkts. 11, 12, 13) were filed, and Plaintiff has not filed a response, even after a second warning from the Court (Dkt. 15). *See Cunningham v. KP Lifestyles, LLC*, No. 4:20-cv-835, 2021 WL 3852039, at *6 (E.D. Tex. July 15, 2021), *R. & R. adopted*, 2021 WL 3847271 (E.D. Tex. Aug. 26, 2021) (citing LOCAL RULE CV-7(d)). Therefore, the Court presumes Plaintiff does not controvert the facts set out by Affordable, NASC, and Renny, and the Court presumes Plaintiff has no evidence to offer in opposition to the Motions.

  The Court finds Plaintiff has not shown this Court has personal jurisdiction over Affordable and Renny, and therefore recommends dismissal as to Affordable and Renny for lack of personal jurisdiction. Because the Court recommends dismissal for lack of personal jurisdiction, the Court need not consider whether Plaintiff has stated a claim upon which relief can be granted as to Affordable and Renny under Rule 12(b)(6) of the Federal Rules of Civil Procedure or Affordable's arguments pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Furthermore, the Court recommends denying NASC's Motion to Dismiss, as Plaintiff has sufficiently asserted a claim under Section 227(b) of the TCPA and Texas Business and Commerce Code Sections 305.053 and 302.101.

  **A. The Court Lacks Personal Jurisdiction Over Affordable and Renny**

  To exercise general jurisdiction, Defendants' contacts with the forum state must be so "continuous and systematic as to render them essentially at home." *Daimler AG*, 571 U.S. at 127. The paradigm state in which an individual defendant is "at home" is the state of his domicile. *See*

*Arrow Elecs., Inc. v. Firecracker, LLC*, No. 4:17-cv-895, 2018 WL 1761883, at *2 (E.D. Tex. Apr. 12, 2018) (quoting *Daimler*, 571 U.S. at 137). "Domicile is generally the state in which the non-resident defendant lives and works, though courts also consider factors including 'where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.'" *KP Lifestyles, LLC*, 2021 WL 3852039, at *4 (quoting *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)). A corporate defendant's domicile "falls into two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (internal citation omitted). In the present case, Affordable is a Florida limited liability company with its principal place of business in Florida, *see* Dkt. 11-1, and Renny is an individual who resides in Florida, *see* Dkt. 13-1. Plaintiff has not alleged Affordable and Renny have substantial contacts that they could be considered "at home" in Texas. *KP Lifestyles, LLC*, 2021 WL 3852039, at *4. Accordingly, the Court cannot exercise general jurisdiction over Affordable or Renny. *See Coury*, 85 F.3d at 251.

Second, the Court cannot exercise specific jurisdiction over Affordable and Renny. "Specific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Assocs. Inc.*, 517 F.3d at 243 (quoting *Panda Brandywine Corp.*, 253 F.3d at 868). The relevant contacts are those the defendant himself creates with the forum state and only "the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with person who reside there" are relevant for this analysis. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Minimum contacts sufficient to confer specific jurisdiction exist when "the non-resident's

10

purposefully directed activities in the forum [are] such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474).

Because Affordable and Renny have introduced evidence showing the Court cannot exercise personal jurisdiction over them, Plaintiff must introduce counter-evidence establishing a *prima facie* case for specific jurisdiction. *See KP Lifestyles, LLC*, 2021 WL 3852039, at *5 (citing *Cunningham v. Upwell Health*, No. 4:19-cv-894, 2020 WL 4723175, at *6 (E.D. Tex. July 21, 2020), *R. & R. adopted*, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020); *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-cv-337, 2018 WL 4575005, at *12 (N.D. Tex. Aug. 31, 2018), *R. & R. adopted*, 2018 WL 4568803 (N.D. Tex. Sept. 24, 2018)); *see also Pyung Lee v. Verimatrix, Inc.*, No. 3:19-CV-0898, 2019 WL 5535764, at *9 (N.D. Tex. Oct. 25, 2019) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)) ("[T]he Court does not assume that [the plaintiffs'] solicitation allegation is true . . . Rather, the Court credits [the defendant's] affidavit testimony and finds that [the plaintiffs] have not presented 'sufficient facts as to make out . . . a prima facie case supporting [personal] jurisdiction.'"). As discussed above, Plaintiff has not filed a response or taken any action as to the Motions (Dkts. 11 , 12, 13). Accordingly, based on Renny's unconverted declaration (Dkts. 11-1, 13-1), the Court finds it has no specific jurisdiction over Affordable and Renny.

Because the Court has no general or specific personal jurisdiction over Affordable and Renny, Plaintiff's claims against Affordable and Renny should be dismissed without prejudice.

### B. Plaintiff Has Sufficiently Stated Claims Against NASC under 47 U.S.C. § 227(b) and Texas Business and Commerce Code §§ 305.053, 302.101

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct."

11

*Iqbal*, 556 U.S. at 679. The Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387 (citation omitted). In the present case, Plaintiff has alleged sufficient facts to state a plausible claim for relief under Section 227(b) of the TCPA and under Texas Business and Commerce Code Sections 305.053 and 302.101.

   1. *Section 227(b)*

Section 227(b) of the TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call . . .," or "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii), (B). The TCPA defines "automatic telephone dialing system" as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator" and to dial such numbers. *Id.* § 227(a). The Fifth Circuit has concluded that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015).

In the Amended Complaint, Plaintiff alleges he received two phone calls to his cell phone from Defendants on January 19, 2021, from the same spoofed caller ID number. *See* Dkt. 10 at 6. Plaintiff asserts he spoke with a live representative during the second phone call and purchased a VSC "in order to determine who made and commissioned the phone calls." *Id.* Plaintiff alleges

12

that as a direct and proximate result of the phone calls, he received the VSC in the mail and the VSC listed NASC as the "Administrator." *See id.* Plaintiff also asserts he received two more phone calls from NASC to his cell phone on January 22, 2021 and January 28, 2021, which used a spoofed caller ID number and an artificial or recorded voice. *See id.* at 6–7. In its Motion to Dismiss, NASC argues Plaintiff "fails to identify the alleged caller(s) or to assert that NASC had any control over the unidentified caller(s)" and Plaintiff "merely alleges that he received the Subject Calls." Dkt. 12 at 4. NASC also argues Plaintiff "further admits that he did not receive any additional information about the purported caller(s) until after he purchased a VSC on the second Subject Call," and "Plaintiff had no way of knowing who was behind the phone calls without purchasing a VSC." *Id.* at 5. NASC further argues Plaintiff fails to establish personal liability against NASC, as he does not specify which employee from NASC authorized any of the calls at issue, any specific action was taken by NASC or an employee of NASC, what authority NASC or an employee from NASC had to direct such calls, or that NASC or its employee participated in the calls at issue. *See id.* at 6–7. NASC further argues the January 21, 2022 and January 28, 2022 phone calls are not subject to the TCPA "because of the aforementioned preestablished business relationship." *Id.* at 5.

In *Cunningham v. Florio*, while the plaintiff failed to identify the exact time and date of all calls, he adequately connected the calls to the defendants, identifying a common message in each call and other facts linking the calls to the defendants, such as a contractual agreement. *Cunningham v. Florio*, No. 4:17-cv-839, 2018 WL 4473792, at *13 (E.D. Tex. Aug. 6, 2018), *R. & R. adopted*, 2018 WL 4473096 (E.D. Tex. Sept. 18, 2018). In the present case, Plaintiff has asserted NASC and other Defendants made the calls, identified a common message in each call, alleged NASC mailed a contract after Plaintiff purchased a VSC during the second phone call that

13

denotes NASC as the "Administrator," and has gone further by identifying the exact number and dates of these calls. *See* Dkt. 10 at 6–7. At this early stage of the case, Plaintiff has pleaded sufficient facts to survive dismissal. *See Florio*, 2018 WL 4473792, at *13 (citing *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012)); *Crawford v. Target Corp.*, No. 3:14-cv-90, 2014 WL 5847490, at *4 (N.D. Tex. Nov. 10, 2014) ("[The plaintiff] has stated that [the defendant] called her cellular telephone number, and she has indicated the reasons for her contention that [the defendant] employed an ATDS in calling her. She has further specified the frequency and time of the calls. [The plaintiff's] pleadings offer far more than conclusory statements concerning [the defendant's] liability and instead present sufficient factual context to notify [the defendant] of the conduct charged."); *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-cv-337-M, 2017 WL 10486988, at *2 (N.D. Tex. Nov. 2, 2017) (finding the plaintiff sufficiently alleged third parties allegedly representing the defendant called his cellphone); *cf. Cunningham v. Politi*, No. 4:18-cv-362, 2019 WL 2519702, at *5–7 (E.D. Tex. Apr. 26, 2019), *R. & R. adopted*, 2019 WL 2526536 (E.D. Tex. June 19, 2019) (finding the plaintiff failed to allege a Section 227(b) claim because he failed to adequately connect the calls directly to the defendant and only speculated as to liability).

Additionally, NASC's argument that Plaintiff established a business relationship with NASC on the second January 19, 2021 call, and therefore the January 21, 2022 and January 28, 2022 phone calls are not subject to the TCPA, should be rejected. Dkt. 10 at 5. In *Cunningham v. Nationwide*, the defendant argued the plaintiff established a business relationship by agreeing to make a purchase from the defendant for the purpose of determining the identity of the caller, thereby providing consent to the calls. *Nationwide Sec. Sols., Inc.*, 2017 WL 10486988, at *3. The court, however, rejected the defendant's argument and found the plaintiff had sufficiently pleaded

14

a claim under Section 227(b), as the plaintiff alleged he received prior calls without consent and continued to receive calls after he declined to use the defendant's services. *See id.* Similarly, Plaintiff alleges he received two calls from a spoofed caller ID number on January 19, 2021, purchased the VSC to identify the caller, and then continued to receive calls from spoofed caller ID numbers allegedly from NASC without his consent. Dkt. 10 at 6–7.

Thus, the Court finds Plaintiff has sufficiently stated a claim, as he alleges NASC called his cell phone, using an automatic telephone dialing system or prerecorded voice, without Plaintiff's prior express consent. Accordingly, the Court recommends denying NASC's Motion to Dismiss as to Plaintiff's claims under Section 227(b) of the TCPA.

  2. *Texas Business and Commerce Code Sections 305.053 and 302.101*

Plaintiff has sufficiently alleged a claim against NASC under the Texas Business and Commerce Code Section 305.053.[1] Texas Business and Commerce Code Section 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision . . . against the person who originates the communication . . . ." Tex. Bus. & Com. Code § 305.053(a). Therefore, the elements of a Section 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021). Where a plaintiff's "underlying (federal) TCPA section 227(b) claims are cognizable, [a plaintiff] state[s]

---

[1] Under the heading "**Third Cause of Action**" for "Violations of Texas Business and Commerce Code 302.101 (Against All Defendants)," Plaintiff alleges "Defendant[s] violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an automated dialing system that does not comply with the technical and procedural standards under this subsection." Dkt. 10 at 12. While it does not appear Plaintiff is seeking to assert a separate cause of action for these violations, it should be noted Section 227(d), specifically Section 227(d)(3) which governs artificial or recorded voice systems, "does not give rise to a private cause of action." *Cunningham v. Creative Edge Marketing LLC*, No. 4:19-cv-669, 2021 WL 3085415, at *5 (E.D. Tex. June 16, 2021*), R. & R. adopted*, 2021 WL 3085399 (E.D. Tex. July 20, 2021) (citation omitted). There is also no private right of action under Section 227(e). *See Creative Edge Marketing LLC*, 2021 WL 3085415, at *5 ("Indeed, the statute specifically prescribes a private of action for violations of §§ 227(b) and 227(c), but not §§ 227(d) or 227(e)." (citing 47 U.S.C. §§ 227(b)(3), 227(c)(5))).

[a] TCPA claim under § 305.053 are as well." *Id.*; *see also Johnson v. Palmer Admin Servs. Inc.*, No. 6:22-cv-121, 2022 WL 16919786, at *2 (E.D. Tex. Nov. 14, 2022) ("When a plaintiff has plausibly pleaded a claim under 47 U.S.C. § 227(b) of the TCPA, the plaintiff has also pleaded a claim under the Texas counterpart, section 305.053 of the Texas Business and Commerce Code." (citing S*tarling v. J Whales Home Sols. LLC*, No. 4:21-cv-01261, 2022 WL 1156021, at *4 (N.D. Tex. Apr. 19, 2022))). As discussed above, Plaintiff's claims under Section 227(b) are sufficiently pleaded to state a claim and, accordingly, Plaintiff has sufficiently stated a claim for relief under Texas Business and Commerce Code § 305.053.

Plaintiff has also sufficiently asserted a claim against NASC under the Texas Business and Commerce Code Section 302.101. Texas Business and Commerce Code Section 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a). While Texas Business and Commerce Code Section 302.101 itself does not provide a private right of action, Section 302.303 provides the plaintiff a private right of action to enforce violations of Section 302.101. *See Callier v. Nat'l United Grp., LLC*, No. EP-21-cv-71, 2021 WL 5393829, at *10–11 (W.D. Tex. Nov. 17, 2021) (citing Tex. Bus. & Com. Code § 302.303). Plaintiff asserts NASC engaged in telephone solicitation without a registration certificate from the Office of the Secretary of State. *See* Dkt. 10 at 11. Defendant does not address the Texas Business and Commerce Code other than to assert the "last two Subject calls were not subject to the TCPA or the TBCC because of the aforementioned preestablished business relationship." Dkt. 12 at 5. As the Court has rejected this argument, the Court finds Plaintiff has sufficiently pleaded a claim under Section 302.101. *See Callier*, 2021 WL 5393829, at *11.

Accordingly, the Court recommends denying NASC's Motion to Dismiss as to Plaintiff's claims under Texas Business and Commerce Code Sections 305.053 and 302.101.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends Affordable's Motion to Dismiss (Dkt. 11) and Renny's Motion to Dismiss (Dkt. 13) be **GRANTED** to the extent they seek to dismiss Plaintiff Francois Auguston's ("Plaintiff") pursuant to Rule 12(b)(2); and NASC's Motion to Dismiss (Dkt. 12) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 11th day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE