**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **FRANCOIS AUGUSTON,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **NATIONAL ADMINISTRATIVE SERVICE CO., LLC** a Ohio Limited Liability Company and **AFFORDABLE AUTO PROTECTION, LLC,** d/b/a **AAP**, a Florida Limited Liability Company **GUSTAV RENNY**, aka **GUSTAVE RENNY**, aka **GUS RENNY** <br><br> **Defendants.** | § § § § § § § § § § § § § § § § § | **CASE NO.: 4:21CV819** |

**DEFENDANT, NATIONAL ADMINISTRATIVE SERVICE CO., LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT [D.E. 10]**

Defendant, NATIONAL ADMINISTRATIVE SERVICE CO., LLC ("NASC"), hereby files this Answer and Affirmative Defenses to Plaintiff, Francois Auguston's ("Plaintiff"), First Amended Complaint [D.E. 10] ("Amended Complaint") and in support thereof states as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Admitted only to the extent that Plaintiff brings this matter against Defendant, NASC. However, NASC denies any liability under this Amended Complaint and further denies that Plaintiff is entitled to any relief under the cause of action alleged in the Amended Complaint.

**NATURE OF ACTION**

2. Denied.

3. Denied.

4. Denied. NASC further denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA and/or the TBCC. Additionally, NASC denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

5. The cited reference speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

6. Denied.

7. Denied.

8. Admitted to the extent that Plaintiff seeks an injunction against Defendant, NASC. However, NASC denies any liability under this Amended Complaint and further denies that Plaintiff is entitled to any relief under the cause of action alleged in the Amended Complaint.

## TEXAS BUSINESS AND COMMERCE CODE 302.101

9. The Texas Business and Commerce Code ("TBCC") speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

10. The TBCC speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

11. The TBCC speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

## PARTIES

12. Without knowledge, therefore denied and strict proof is demanded thereof.

13. Admitted.

14. Paragraph 14 does not contain a statement directed toward NASC, therefore denied.

15. Paragraph 15 does not contain a statement directed toward NASC, therefore denied.

## JURISDICTION AND VENUE

16. Admitted to the extent that Plaintiff's Amended Complaint is based on the TCPA, 47 U.S.C. §227. However, NASC denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

17. Admitted to the extent that Plaintiff's Amended Complaint is also based on the TBCC 305.053. However, NASC denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

18. Denied.

19. Denied as phrased. NASC further denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA and/or the TBCC. Additionally, NASC denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

## FACTUAL ALLEGATIONS

20. Denied.

21. Without knowledge, therefore denied and strict proof is demanded thereof.

22. Denied.

23. Without knowledge, therefore denied and strict proof is demanded thereof.

24. Denied.

25. Denied.

26. Denied.

27. Without knowledge, therefore denied and strict proof is demanded thereof.

28. Without knowledge, therefore denied and strict proof is demanded thereof.

29. Without knowledge, therefore denied and strict proof is demanded thereof.

30. Without knowledge, therefore denied and strict proof is demanded thereof.

31. Without knowledge, therefore denied and strict proof is demanded thereof.

32. Without knowledge, therefore denied and strict proof is demanded thereof.

33. Without knowledge, therefore denied and strict proof is demanded thereof.

34. Without knowledge, therefore denied and strict proof is demanded thereof.

35. Denied. NASC further denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA and/or the TBCC.

36. Without knowledge, therefore denied and strict proof is demanded thereof.

37. Without knowledge, therefore denied and strict proof is demanded thereof.

38. Without knowledge, therefore denied and strict proof is demanded thereof.

39. Without knowledge, therefore denied and strict proof is demanded thereof.

40. Without knowledge, therefore denied and strict proof is demanded thereof.

41. Without knowledge, therefore denied and strict proof is demanded thereof.

42. Without knowledge, therefore denied and strict proof is demanded thereof.

43. Without knowledge, therefore denied and strict proof is demanded thereof.

44. The displayed table speak for itself and therefore the allegations of this paragraph are neither admitted nor denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied. NASC further denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA and/or the TBCC.

51. Denied.

52. Denied.

53. Paragraph 53 does not contain a statement directed toward NASC, therefore denied.

54. Paragraph 54 does not contain a statement directed toward NASC, therefore denied.

55. Paragraph 55 does not contain a statement directed toward NASC, therefore denied.

56. Paragraph 56 does not contain a statement directed toward NASC, therefore denied.

## VICARIOUS LIABILITY OF NASC

57. Denied as phrased. NASC further denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA and/or the TBCC. Additionally, NASC denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

58. Denied.

59. Denied.

60. Denied.

## THE TEXAS BUSINESS AND COMMERCE CODE 305.053

61. The TBCC speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

62. The TBCC speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

63. Denied and strict proof is demanded thereof.

64. Without knowledge, therefore denied and strict proof is demanded thereof.

**FIRST CAUSE OF ACTION**
**WILLFUL AND/OR KNOWING VIOLATION OF 47 U.S.C. § 227**
**TELEPHONE CONSUMER PROTECTION ACT OF 1991**
**(AGAINST ALL DEFENDANTS)**

65. Paragraph 65 does not contain a statement directed toward NASC, therefore denied. NASC denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA. NASC denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

66. Denied.

67. Denied as phrased.

68. Denied.

69. Denied. NASC further denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA and/or the TBCC.

70. Denied.

71. Denied.

72. The statute, 47 U.S.C. § 227b)(3)(C), speak for itself and therefore neither admitted nor denied.

**SECOND CAUSE OF ACTION**
**VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE 302.101**
**(AGAINST ALL DEFENDANTS)**

73. Paragraph 73 does not contain a statement directed toward NASC, therefore denied. NASC denies that it made or initiated calls to Plaintiff or otherwise violated the TBCC.

74. The TBCC speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

75. Denied.

76. The TBCC speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE 302.101**
**(AGAINST ALL DEFENDANTS)**

77. Paragraph 77 does not contain a statement directed toward NASC, therefore denied. NASC denies that it made or initiated calls to Plaintiff or otherwise violated the TBCC.

78. Denied.

79. Denied that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

80. Denied that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

**PRAYER FOR RELIEF**

NASC denies that Plaintiff is entitled any relief contained within the PRAYER FOR RELIEF.

Any allegations not specifically addressed above are also expressly denied.

**AFFIRMATIVE DEFENSES**

NASC asserts the following affirmative defenses with respect to Plaintiff's causes of actions and claims contained in the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred on the grounds that they fail to set forth a claim upon which relief may be granted and fail to set forth sufficient ultimate facts in support of a claim for violation of the TCPA or the TBCC.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the exceptions provided under the TCPA and the TBCC.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims should be barred because Plaintiff failed to mitigate, limit, or avoid his alleged damages. NASC is entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid those alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because NASC did not knowingly or willfully engage in any misconduct and NASC did not make the alleged call(s).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because imposing statutory damages and/or exemplary/punitive damages on NASC under the TCPA and/or the TBCC would violate the Due Process provisions of both the United States Constitution and the Texas Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for lack of standing because Plaintiff welcomed the alleged phone calls, was not annoyed, suffered no nuisance and did not suffer an injury.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims should be barred because Plaintiff was not charged for the alleged phone calls. Therefore, he suffered no real damages.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims should be barred for lack of standing due to the absence of the requisite injury necessary to possess the required standing.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint is an improper pleading and cannot be allowed to remain pending because it raises various claims collectively against all of the named Defendants with no effort to identify which purportedly tortious act was committed by which named Defendant. Furthermore, the Amended Complaint fails to set forth the ultimate facts with sufficient clarity to allow NASC to distinguish the specific actions against it, to provide an intelligent answer, or to formulate a proper defense.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Unclean Hands because Plaintiff falsely and improperly provided his credit card for payment of the subject automotive warranty knowing he intended to cancel such transactions after eliciting the issuance of the subject automotive warranty. Plaintiff's actions described herein were intentional and unethical.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff willfully and intentionally made illegal and improper use of process by filing fabricated lawsuits under the TCPA and the TBCC based on purported violations resulting from Plaintiff's improper conduct. Plaintiff had ulterior motives and purposes in exercising process including, but not limited to, attempting to illicit quick cash

settlements where no valid cause of action existed. As such, Plaintiff's actions caused injury to NASC, and Plaintiff's claims should be dismissed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by the Texas Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, NASC incorporates all such defenses set forth in, or contemplated by, Texas State law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he admits in the Amended Complaint that he provided false and misleading information regarding his ownership of certain vehicles and intent to and reasons for purchasing certain insurance policies. Plaintiff willfully and intentionally welcomed these alleged calls so he could process and file fabricated lawsuits under the TCPA based on purported violations resulting from the fraudulent conduct as described herein. Plaintiff had ulterior motives and purposes in exercising process including, but not limited to, to illicit quick cash settlements where no valid cause of action existed. Plaintiff's actions caused injury to NASC and cannot be allowed to advance.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to his use of a credit card with the intent to defraud NASC. Plaintiff admits in the Amended Complaint that he falsely and improperly provided his credit card for payment knowing he intended to cancel such transactions after eliciting the issuance of the insurance policies. Since Plaintiff does not come to this Action with clean hands, his claims are barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's' claims are barred because NASC did not use an automatic telephone dialing system as defined under the TCPA, the Eleventh Circuit's decision in *Melanie Glasser v. Hilton Grand Vacations Company, LLC*, No. 18-14499 (11th Cir. Jan. 27, 2020), and by the Supreme Court of the United States' decision in *Facebook, Inc. v. Duguid, et al.*, 141 S. Ct. 1163 (2021).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint is an improper shotgun pleading and cannot be allowed to remain pending. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Accordingly, "shotgun pleadings," such as the Amended Complaint, are improper and warrant dismissal for failing to meet the pleading standard required by Rule 8. "What makes a pleading a 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *See Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 3:19-CV-2027-K-BN, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020) (citing *Bates v. Laminack*, 938 F. Supp. 2d 649, 667 (S.D. Tex. 2013)). The Amended Complaint is a classic example of a shotgun pleading, whereby "each count ... adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four.... [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id*. (citing *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (citing also *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll*., 77 F.3d 364, 366 (11th Cir. 2014)).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because imposing statutory damages and/or exemplary/punitive damages on NASC under the TCPA and/or the TBCC would violate the Due Process provisions of the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to the affirmative defense of impossibility as NASC does not make outbound sales calls, so it is denied that Defendant, NASC, did anything improper.

Additionally, the Amended Complaint contains insufficient information to permit NASC to raise all of its potentially appropriate defenses. Therefore, NASC reserves the right to amend and/or supplement its Answer with additional Affirmative Defenses.

WHEREFORE, Defendant, NATIONAL ADMINISTRATIVE SERVICE CO., LLC, prays for judgment as follows:

1. That Plaintiff, Francois Auguston, take nothing by reason of his Amended Complaint;

2. That the Amended Complaint be dismissed with prejudice;

3. For costs of suit and reasonable attorney's fees; and

4. For further and additional relief as this Court deems appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2023, the foregoing was filed through the Court's electronic filing system and will be sent electronically to the parties.

Respectfully Submitted,

By: */s/ Jason S. Weiss*

Jason S. Weiss
Florida Bar No. 356890
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Jason@jswlawyer.com
*Counsel for Defendant, National Administrative Service Co. LLC*